GEORGE J. HARR v. JAMES BOOHER *et al.*

(*Knoxville.* September Term, 1922.)

1. **COURTS.** Raising question of jurisdiction as to subject-matter not waiver of jurisdiction as to person.

Demurrers to a complaint, challenging the jurisdiction of the law court of Bristol, and also raising other questions, did not waive the question of jurisdiction. (*Post, p.* 697.)

2. **MASTER AND SERVANT.** Jurisdiction of law court of Bristol extends to workmen's compensation cases.

The law court of Bristol, created by Acts 1879, chapter 127, section 10, with jurisdiction defined in that section, as amended by Acts 1891, chapter 264, section 2, 3, and Acts 1893, chapter 165, is clothed with all the jurisdiction of circuit courts over statutory actions, as well as those arising at common law, and therefore has jurisdiction of an action arising under the Workmen's Compensation Act, sections 27, 32, and 36 of which limit the jurisdiction of claims to the circuit, chancery, criminal, or county court. (*Post, pp.* 697-701.)

Acts cited and construed: Ch. 127, sec. 10 (1879); ch. 264, secs. 2, 3 (1891); ch. 165 (1893.)

3. **MASTER AND SERVANT.** Law court of Bristol held to have no jurisdiction of compensation case arising in district to which court's jurisdiction did not extend.

Where the accident to an employee occurred in a civil district to which the jurisdiction of the law court of Sullivan county was not extended by Acts 1879, chapter 127, section 10, as amended by Acts 1891, chapter 264, sections 2, 3, and Acts 1893, chapter 165, the court had no jurisdiction of employee's action under the Workmen's Compensation Act, section 32 of which requires the petition to be filed in the county in which the accident happens, and the fact that defendant insurance carrier, a nonresident cor-

poration, had no office in Sullivan county, except in a district to which the court's jurisdiction extended, did not clothe the court with jurisdiction, nor did it deprive either the circuit, chancery, or county courts of jurisdiction. (*Post, pp.* 701-703.)

### FROM SULLIVAN (BRISTOL).

Appeal from the Law Court of Bristol County.—HON. D. A. VINES, Judge.

BURROW & BURROW, for appellant.

FRANTZ, MCCONNELL & SEYMOUR, for appellees.

MR. JUSTICE HALL delivered the opinion of the Court.

On June 3, 1920, the plaintiff in error, George J. Harr, who will hereafter be referred to as plaintiff, instituted this action in the law court of Bristol, Sullivan county, Tenn., against the defendants in error, James Booher and the Travelers' Insurance Company, who will hereafter be referred to as defendants, to recover $5,000 as damages for personal injuries alleged to have been sustained by plaintiff while in the employ of the defendant Booher.

The suit was commenced by plaintiff filing the pauper's oath in lieu of bond, and on September 23, 1920, a summons was issued by the clerk, requiring the defendants named to answer "in plea of damages for $5,000 for personal injuries."

Plaintiff filed his declaration in said action on February 12, 1921, claiming compensation under the workmen's compensation statute (Pub. Laws 1919, chapter 123). The

declaration averred that on September 22, 1919, he was in the employ of the defendant Booher as a logger, and while engaged in said work in the Fifth civil district of Sullivan county it became necessary for him to hold a cant hook, which a fellow workman was striking with a hammer, in order to properly adjust the same, "when a small piece from the cant hook struck plaintiff's right eye with such violence and in such way as to entirely destroy the eye."

The declaration further averred that on August 26, 1919, the defendant Booher and C. L. Gibson, partners under the firm name of Gibson & Booher, and who had taken the contract to do the logging business hereinbefore referred to, took out a policy of insurance in the Travelers' Insurance Company, as provided by the Tennessee workmen's compensation statute, under which they were operating, to guarantee the payment of claims that might arise against them for compensation under said statute to employees receiving injuries while engaged in their service; that after said policy of insurance was taken out by defendant Booher and Gibson, said logging contract was taken over by defendant Booher, as a subcontractor, who was engaged in carrying out said contract, and had in his employ more than ten persons, one of whom was plaintiff.

To this declaration defendants demurred.

Whereupon the plaintiff filed an amended declaration, in which it was averred that on June 3, 1920, a summons was issued by the clerk of the law court at Bristol, but by an oversight the clerk failed to place the same in the hands of the sheriff, and that another summons, which should have been marked "alias," was issued September 23, 1920. This amended declaration further averred that the defendant Travelers' Insurance Company was a nonresident cor-

Harr v. Booher.

poration with an agency in the city of Bristol, in the Seventeenth civil district of Sullivan county, but at no other place in said county, and that the defendant Travelers' Insurance Company had all the time denied liability to plaintiff under said policy.

The demurrers challenged the jurisdiction of the law court of Bristol, averred failure to give the employer notice of the accident within the time prescribed by the workmen's compensation statute, and set up the defense of the statute of limitations to said action. The several grounds of the demurrers were sustained by the court, and the plaintiff's suit was dismissed. He appealed from said judgment to the court of civil appeals. That court, on motion of defendants, transferred the case to this court for hearing.

The first question to be determined is whether the law court of Bristol has jurisdiction of a case arising under the workmen's compensation statute.

It is insisted by plaintiff that, defendants having raised other questions than that of jurisdiction in their demurrers they have waived the question of jurisdiction.

We do not think this contention is well grounded, because the question of jurisdiction raised by defendants is as to the subject-matter rather than the persons of defendants. In the latter case defendants would have waived the question by filing their demurrers, but in the former there can be no such waiver.

Now, did the law court of Bristol have jurisdiction? Section 27 of the workmen's compensation statute provides that:

"All settlements, before the same are binding on either party, shall be approved by the judge of the circuit court

of the county where the claim for compensation under this act is entitled to be made."

The act confers exclusive jurisdiction upon the circuit court in cases where there is an agreement between the parties.

Section 36 provides that commuted settlements may be made "only with the consent of the circuit court."

Section 32 provides that: "In case of a dispute . . . either party may submit the entire matter for determination to the judge or chairman of the county court in which the accident occurred, and such judge or chairman is hereby vested with jurisdiction to hear and determine the issues and render judgment and enforce the same in the same manner as courts of record render and enforce judgment. . . . He shall have such powers in conducting hearings under this act as are possessed by the judges of the circuit courts. . . . The party invoking the power of said court shall file a petition setting out the facts on which the claim is based under this act. Upon said petition being filed the clerk of the county court shall issue and cause to be served on the defendant named in said petition a summons accompanied by a certified copy of the petition. . . . The party filing the petition may, at his option, instead of filing the same before the county judge or chairman, file the same as an original petition in either the circuit, criminal, or chancery court of the county in which petitioner resides or in which the alleged accident happens. . . . Any party . . . may . . . pray an appeal in the nature of a writ of error to the supreme court."

It will thus be noted that the act has prescribed a complete remedy, and limited the jurisdiction of the subject-

matter of any claim arising under the workmen's compensation statute to the circuit, chancery, criminal, or county court, with exclusive appellate jurisdiction in the supreme court.

The law court of Bristol was created by an act of the legislature. Chapter 127, Acts of 1879. Section 10 of said act reads as follows: "That there shall be held at Bristol, in the county of Sullivan a law court for the Seventeenth civil district of said county, to be called the law court of Bristol, and to constitute one of the courts of the First judicial circuit, and to be held by the judge thereof, with common-law jurisdiction, original and appellate—over all causes of a civil nature arising within said Seventeenth civil district."

The act of 1879 was amended by chapter 264, Acts of 1891. Section 2 of said amendatory act reads as follows:

"That all persons residing or doing business within the Third and Sixteenth civil districts of said county may bring their civil actions in the law court at Bristol against persons residing or doing business in said civil districts if they so desire, and said law court shall have and exercise full jurisdiction over same; and all civil causes heard and determined before any justice or justices of the peace of said Third and Sixteenth civil districts may be appealed or brought up by writs of *certiorari* to said court: Provided, the parties to the action reside or do business in either of them demand such appeal or writs of *certiorari*, and said law court shall have and exercise jurisdiction over all such cases as if the same had been heard by a justice or justices of the peace of the Seventeenth civil district of Sullivan county, where said court is located."

Section 3 reads: "Be it further enacted, that nothing contained in sections 1 and 2 shall be construed to prevent any person or persons residing in said Third and Sixteenth civil districts of said county from bringing their suits in the chancery and the circuit courts of Sullivan county if they so desire, the purpose of this act being to give the chancery and law courts of Bristol concurrent jurisdiction only in all causes of action arising between persons residing or doing business in said civil districts."

Said act was further amended by chapter 165, Acts of 1893, and by this amendment section 10 of the original act was made to read as follows:

"That there shall be at Bristol, in the county of Sullivan, a law court for the First, Second, Third, Sixteenth, Seventeenth, and Nineteenth civil districts of said county, to be styled the 'law court of Bristol,' and to be held by the judge of the First judicial circuit, with common-law jurisdiction, original and appellate, over all causes of a civil nature arising within the First, Second, Third, Sixteenth, Seventeenth and Nineteenth civil districts, as other courts of the State, and all civil causes heard and determined before any justice of the peace of said districts, when appealed or brought up by *certiorari,* where such procedure is allowed by law, shall be to said law court; but the circuit court of Sullivan county shall have concurrent jurisdiction over all causes of a civil nature arising in the Third and Sixteenth civil districts."

It is insisted by defendants that, under the provisions of section 3 of the act of 1893, the law court of Bristol is vested with common-law jurisdiction only, and could, under no circumstances, have jurisdiction of an action arising under the workmen's compensation statute, because such

Harr v. Booher.

action is not one arising at common law, but is purely statutory.

We are of the opinion that the contention of defendants is not well taken. We think, when the act of 1893 is read and considered in connection with the other acts preceding it on the same subject, it must be held that it was the intention of the legislature to give the law court of Bristol jurisdiction of all causes of a civil nature arising within the First, Second, Third, Sixteenth, Seventeenth, and Nineteenth civil districts of Sullivan county as fully and completely as the circuit court of said county had theretofore, and intended that said law court should be held by the judge of the circuit court, and be presided over as other circuit courts are presided over. In other words, it was intended to confer upon it all the jurisdiction of the regular circuit court in civil causes arising within said districts, and the act provdes that all civil causes arising within said district, of which the circuit court formerly had jurisdiction, may be brought in said law court; but section 3 of said act expressly provides that the circuit court of Sullivan county shall have concurrent jurisdiction with said law court over all causes of a civil nature arising in the Third and Sixteenth civil districts. It was manifestly the intention of the legislature to confer upon the law court of Bristol the general jurisdiction of circuit courts in all causes of a civil nature, including those arising under the statute, as well as those arising at common law. Therefore said law court is clothed with all the powers of the circuit court. This being true, it had jurisdiction of the present action, unless said action arose outside of one of the civil districts to which the jurisdiction of said court extended.

The plaintiff's declaration expressly avers that the plaintiff's injury was sustained in the Fifth civil district of

Sullivan county, while the jurisdiction of the law court of Bristol is limited to causes of action of a civil nature arising within the First, Second, Sixteenth, Seventeenth, and Nineteenth civil districts.

Section 32 of the workmen's compensation statute provides that the controversy, in the event there is one, shall be submitted to the judge or chairman of the county court "in which the accident occurred," and by the latter portion of said section the person claiming compensation is given the option to file his petition in the circuit, criminal, or chancery court of the county in which petitioner resides, or in which the accident happens.

The accident in the instant case occurred in the Fifth civil district of Sullivan county, to which district the jurisdiction of the law court of Bristol did not extend. So it clearly appears that the law court of Bristol did not acquire jurisdiction of the present action for this very potent reason.

The amended declaration avers that defendant Travelers' Insurance Company had no office or agent in Sullivan county, except in the Seventeenth civil district, and it is insisted by plaintiff that this fact was sufficient to clothe the law court of Bristol with jurisdiction.

We do not think this contention is well taken. The mere fact that the Travelers' Insurance Company had an office in the Seventeenth civil district of Sullivan county, and at no other place in said county, did not deprive either the circuit, chancery, or county courts of jurisdiction; nor did it clothe the law court with jurisdiction, because its jurisdiction was expressly limited to the civil districts hereinbefore referred to. The defendant insurance company would unquestionably have been bound to have re-

sponded to a summons issued from either one of the other three courts.

It results that, for the reasons indicated, we find no error in the judgment of the court below, and it is affirmed, with costs.