HERBERT L. REDMAN, PLAINTIFF IN ERROR, *v.* DUPONT
RAYON CO., DEFENDANT IN ERROR.

(*Nashville,* December Term, 1932.)

Opinion filed February 11, 1933.

586

J. O. Paris and George S. Buckner, for plaintiff in error.

W. L. Swallows, Cornelius & McKinney and Abel Klaw, for defendant in error.

Mr. Chief Justice Green delivered the opinion of the Court.

This is a suit to recover workmen's compensation brought by a resident of DeKalb County in the circuit court of that county against a foreign corporation, licensed to do business in Tennessee, which corporation has no office, agency, or resident director in DeKalb County, but maintains its office or agency in Davidson County. Process was issued from the circuit court of DeKalb County and served on an agent of the defendant in Davidson County. Upon seasonable objection being made by defendant, the circuit court of DeKalb County disclaimed jurisdiction and dismissed the petition.

The petitioner was an employee of the defendant and was injured in an accident occurring at defendant's manufacturing plant in Davidson County. The petitioner

was residing in Davidson County temporarily at the time of the accident. Thereafter he returned to DeKalb County and brought the suit there.

■ An action based on the Workmen's compensation statute is transitory. *Chambers* v. *Sanford and Treadway,* 154 Tenn., 134; *Harr* v. *Booher,* 146 Tenn., 694; *Hall* v. *Southall Bros.,* 146 Tenn., 129.

■ The venue of such suits against corporations is controlled by sections 8643 and 8669 of the Code: .

8643. "When a corporation, partnership or individual has an office or agency in any county for the transaction of business, actions growing out of, or connected with the business of that office or agency, may be brought in the county in which such office or agency is located."

8669. "When a corporation, business trust, or any person has an office or agency, or resident director, in any county other than that in which the chief officer or principal resides, the service of process may be made on any agent or clerk employed therein in all actions brought in such county against same growing out of the business of, or connected with said principal's business; but this section shall apply only to cases where the suit is brought in such counties in which such agency, resident director, or office is located."

Construing these sections of the Code, they being sections 4516 and 4542 of Shannon's Code, this court has said:

"Under the authority conferred by these four sections (4539-4542), any one who has a lawful demand against a corporation, resident or non-resident, growing out of or connected with the business of such corporation, may bring his suit in the county where the office or agency is maintained, and secure jurisdiction of it by

personal service of process on the designated officer or agent. The right is not confined to matters growing out of a particular office or agency; it is broad enough to embrace any right of action growing out of the business. Section 4516 (section 2811 of Code 1858) apparently confines the right to causes of action growing out of the particular office or agency, but this has been construed in connection with the amending Acts of 1859-60, *supra,* so that the broad language of the latter ("growing out of the business of, or connected with, said company's or principal's business") expresses the commanding rule. *Toppins* v. *Railroad Co.,* 5 Lea (73 Tenn.), 600, 603, et seq.; *Brewer* v. *Glass Casket Co.,* 139 Tenn., 97.

Generally speaking, therefore, suits against a corporation, except such suits as may be instituted by original attachment, must be brought in a county where the corporation has an office, agency or resident director. It is urged, however, that the rule is different in suits brought under the workmen's compensation statute.

Section 6885 of the Code provides that:

"In case of a dispute over or failure to agree upon compensation under this chapter between the employer and employee or the dependents of the employee either party may submit the entire matter for determination to the judge or chairman of the county court in which the accident occurred, and such judge or chairman is hereby vested with jurisdiction to hear and determine the issues and render judgment and enforce the same in the same manner as courts of record render and enforce judgment. . . . The party filing the petition may, at his option, instead of filing the same before the county judge or chairman, file the same as an original petition in either the circuit, criminal, or chancery court of the

county in which petitioner resides or in which the alleged accident happens, in which event summons shall be issued by the clerk of the court in which the proceeding is instituted, and shall be returned before said court within the time provided for proceedings before a county judge or county chairman.''

The argument is that the employee, under the provisions just quoted, had the option of bringing his suit in the county where he resides or in the county where the accident occurred, regardless of other statutory provisions.

We think this question, in principle, was determined adversely to the contention of petitioner in *Chambers* v. *Sanford and Treadway, supra,* although the facts in that case were different. There the petitioner resided in Charter County and the accident happened in Carter County. The employer, however, had an office and place of business in Washington County and the suit was held to have been properly brought in the latter county. Among other things, the court said:

''When the Compensation Law, chapter 123, Acts of 1919, was passed then existing Statutes localized transitory actions to the county where the defendant was servable with process. See Shannon's Code, sections 4513, 4516, 4542. The law of venue was well defined. Should the provisions of the Compensation Act on the subject of venue be held exclusive, localizing the action to the county where the injury occurred or where the petitioner resides, a direct conflict would result.''

The court pointed out that sections 4516 and 4542 of Shannon's Code localize actions against corporations to the counties where they maintain an office or agency, and added:

"When the General Assembly enacted the Compensation Law they evidently had in mind the convenience of the parties, and by section 32 of the Act (sec. 6885 of the Code) authorized the employee to bring suit in the county of his residence, or in the county where the accident occurred for the convenience of the parties and witnesses, subject to the rules generally regulating venue. The very language of the Act negatives the idea that its provisions touching venue are exclusive. . . . If other Statutes regulating venue forbid the service of process required to bring the employer before the court of the petitioner's residence, or before the court of the county where the accident occurred, it would follow that the petitioner could go to the locality where the employer could be served with process, and where the rights assured under the Compensation Act could be adjudicated."

The whole matter comes down to this. With certain exceptions, a transitory action can be brought in any jurisdiction in which the defendant is found. Code, section 8640. Such an action, however, cannot be brought, *in personam,* in a jurisdiction in which the defendant is not to be found. A corporation, an artificial person, is not to be found in any jurisdiction or county unless the corporation maintains an office, agency, or resident director in that county.

Some other points made to sustain the jurisdiction of the circuit court of DeKalb County have been considered but do not appear to require discussion.

The judgment of the court below is affirmed.