BROWN *v.* STONE & WEBSTER ENGINEERING CORPORATION
*et al.*

(*Nashville*, December Term, 1943.)

Opinion filed June 10, 1944.

Solon Fitzpatrick, of Carthage, for petitioner-plaintiff in error.

Poore, Kramer & Overton and Erma G. Greenwood, all of Knoxville, for respondent-defendant in error.

Mr. Justice Prewitt delivered the opinion of the Court.

This is a workman's compensation suit and the only question presented is one of venue. The accident took place in Anderson County and the suit was brought by petitioner Brown in Smith County.

Under proper pleas the judge held that the criminal court of Smith County had no jurisdiction, that the cause of action was local, and that the suit should have been brought in Anderson County where the accident took place.

The petition set out that the defendant, Stone & Webster Engineering Corporation, is a foreign corpora-

tion and qualified to do business in Tennessee, and that it had designated the Honorable Mitchell Long in Knox County as its agent upon whom process could be served; that the petitioner and defendant were operating under the Workmen's Compensation Law of Tennessee; that on June 30, 1943, petitioner sustained an injury to his eye in the course of his employment by the defendant, this injury causing his eye to go out; that the injury occurred on the job near Clinton; that the petitioner had requested hospitalization to be provided by the defendant which had not been done; and the petition further set out the defendant, Royal Indemnity Company, was a foreign corporation and had become the surety of Stone & Webster Engineering Corporation pursuant to the Workmen's Compensation Law, and that it had designated the Commissioner of Insurance of Tennessee in 1917 as its agent upon whom process could be served and said appointment had not been revoked.

The defendant filed a plea in abatement to the petition setting out that the accident took place in Anderson County and that the jurisdiction of the cause would be in Anderson County as provided by section 6885 of the Code. In other words, it is the contention of the petitioner that the jurisdiction is in the county in which he resides and that the cause of action is transitory; while the defendant insists that under the peculiar wording of our statute the jurisdiction must of necessity be local and in the county in which the accident occurred.

Section 6885 of the Code covers the procedure to be followed in the event the employer and employee are not able to agree as to compensation. In the first paragraph of this section it is provided that "either party may submit the entire matter for determination to the judge

or chairman of the county court in which the accident occurred.''

In the second paragraph of the section it is provided: ''Either party dissatisfied with the judgment of the judge or chairman may appeal as in other civil cases to the next term of the circuit court of the county where the cause will be heard by the circuit judge *de novo.*''

And further on in the second paragraph it is provided: ''The party filing the petition may, at his option, instead of filing the same before the county judge or chairman, file the same as an original petition in either the circuit, criminal, or chancery court of the county in which petitioner resides or in which the alleged accident happens, . . .''

■ This Court has held that an action based on the Workmen's Compensation Act is transitory. *Harr* v. *Booher*, 146 Tenn., 694, 244 S. W., 493; *Chambers* v. *Sanford & Treadway*, 154 Tenn., 134, 289 S. W., 533; *Redman* v. *DuPont Rayon Co.*, 165 Tenn., 585, 56 S. W. (2d), 737.

■ ■ In the last-cited case the Court held that the venue against corporations, except such suits as may be instituted by original attachment, is limited to counties where the corporation has an office, agency or resident director, and that venue of suits against corporations under the Compensation Act is limited to counties where the corporation has an office, agency, or resident director, the provisions of the Compensation Act respecting venue not being excluded. In that case there was a suit to recover workmen's compensation brought by a resident of DeKalb County in the circuit court of that county against a foreign corporation licensed to do business in Tennessee, which corporation had no office, agency, or resident director in DeKalb County, but maintained its office or

agency in Davidson County. In the opinion the Court said at page 590 of 165 Tenn., at page 739 of 56 S. W. (2d):

"The whole matter comes down to this: With certain exceptions, a transitory action can be brought in any jurisdiction in which the defendant is found. Code, sec. 8640. Such an action, however, cannot be brought, *in personam*, in a jurisdiction in which the defendant is not to be found. A corporation, an artificial person, is not to be found in any jurisdiction or county unless the corporation maintains an office, agency, or resident director in that county."

The Court then held that although the petitioner was a resident of DeKalb County, he could not maintain a suit there under the Compensation Law. The effect of the holding in that case was that venue is not governed exclusively by section 6885 of the Code.

In *Borden Mills, Inc.,* v. *Manis,* 173 Tenn., 440, 121 S. W. (2d), 523, 524, the Court held that the statute authorizing either the employer or employee to submit a dispute about compensation "to the judge or chairman of the county court in which the accident occurred" manifests an intent to fix the local jurisdiction in the county in which the accident occurred, notwithstanding the venue statute providing that in all transitory actions the cause of action follows the person of the defendant "unless otherwise expressly provided," since such proceeding is within the quoted exception. Code 1932, secs. 6885, 8640.

 It is true that this Court has held that service of process upon the Insurance Commissioner, as agent by appointment of a foreign insurance company, is agent for the whole State, on whom process is a valid service and

may run from any county of the State without regard to the location of the company's principal office or place of business or of the place where the cause of action arose. *Cartmell* v. *Mechanics' Ins. Co.*, 167 Tenn., 498, 71 S. W. (2d), 688.

The service of process upon the designated agent for the State appointed for that purpose is cumulative of other provisions for service of process upon the corporation. *McClearen* v. *United States Fid. & Guar. Co.*, 168 Tenn., 268, 77 S. W. (2d), 451.

It is insisted that in the instant case service of process having been adjudged on the designated agent of the employer and the designated agent of the Insurance Company, the Insurance Commissioner, that therefore this suit could be maintained in Smith County.

We think the suit was improperly brought in Smith County and should have been brought in Anderson County where the accident occurred. See *McClearen* v. *United States Fid. & Guar. Co.*, *supra*. Here the defendant corporation had designated a resident agent in Knox County on whom process could be served. It had no office or agency in Smith County. We do not think it was the intention of section 6885 taken as a whole to give the construction as contended by the petitioner under the facts of this case.

It results that we find no error in the judgment of the court below and it is affirmed.