DAVIS LEE HUMAN, Plaintiff in Error,

*v.*

LIBERTY MUTUAL INSURANCE COMPANY, Defendant in
Error.

409 S.W.2d 536.

(*Nashville,* December Term, 1965.)

Opinion filed November 28, 1966.

NEAL & CRAVEN, Jamestown, for plaintiff in error.

J. H. HODGES, of counsel, HODGES, DOUGTHY & CARSON, Knoxville, for defendant in error.

MR. JUSTICE DYER, delivered the opinion of the Court.

This is a suit to recover benefits under our Workmen's Compensation Statutes (T.C.A. sec. 50-901 et seq.) brought by the employee, a resident of Fentress County, in the Circuit Court of that County against the employer's insurance carrier, a foreign corporation licensed

to do business in Tennessee. The defendant insurance company has no office, agency or resident director in Fentress County but does maintain an office or agency in Davidson County. Process was issued from the Circuit Court of Fentress County and served upon the defendant insurance company by service upon the Commissioner of Insurance and Banking under T.C.A. sec. 56-321. Upon seasonable objection, by defendant insurance company, the Circuit Court of Fentress County disclaimed jurisdiction and dismissed the petition.

Employee, employed by Steiner-Liff Textile Waste Company, was injured in an accident at his employer's plant in Davidson County. At the time of this accident employee was temporarily in Davidson County and thereafter returned to the county of his residence (Fentress County). The defendant insurance company had appointed the Commissioner of Insurance and Banking its agent for service of process.

The trial judge, in sustaining the plea in abatement, relied upon the cases of *Chambers v. Sanford and Treadway*, 154 Tenn. 134, 289 S.W. 533 (1926) and *Flowers v. Aetna Casualty & Surety Co.*, 189 Tenn. 603, 212 S.W.2d 595 (1948).

The section of our Compensation Statutes at issue here is T.C.A. sec. 50-1018. The pertinent part of this statute is as follows:

The party filing the petition may, at his option, instead of filing the same before the county judge or chairman, file the same as an original petition in either the circuit, criminal, or chancery court of the county in which petitioner resides or in which the alleged accident happens, * * *. Sec. 50-1018

The right to file the petition in the county where petitioner resides or where the accident occurred is subject to the rules generally regulating venue and is subject to the condition the defendant be servable with process in the county where the petition is filed as in other civil cases. See *Chambers v. Sanford and Treadway,* supra; *Flowers v. Aetna Casualty & Surety Co.,* supra and *Brown v. Stone & Webster Eng. Co.,* 181 Tenn. 293, 181 S.W.2d 148 (1944). Under the holdings of these three cases venue in the case sub judice would not be in Fentress County, since the defendant insurance company has no office, agency or resident director in that county.

It is argued the *Flowers* and *Brown* cases are not controlling since they can be distinguished from the case sub judice. This difference arises from the fact in the *Flowers* and *Brown* cases both the employer and insurance carrier were sued, while in the case sub judice only the insurance carrier is sued. We do not agree this difference is controlling on the matter of venue. To so hold would result, in Workmen's Compensation cases, one rule as to venue when only the insurance carrier is sued, while a somewhat different rule would apply when the employer corporation, alone or with its insurance carrier, is sued.

The employee sub judice cites the case of *T. H. Mastin & Co. et al v. Loveday,* 202 Tenn. 589, 308 S.W.2d 385 (1957). In this case Mr. Justice Tomlinson stated the question for decision in the following language:

So, the question in the case at bar is whether an injured employee may, under our Workmen's Compensation Statute, maintain suit for his injuries in the county of his residence, the accident having happened in some

other county, against his employer's insurer alone, that insurer being a non-resident of Tennessee, maintaining no office in Tennessee and with no resident agent designated in Tennessee on whom process could be served other than the State Commissioner of Insurance, upon whom process issued, and was served, from the Circuit Court of the employee's residence. 202 Tenn. 591, 308 S.W.2d 386

There is a difference, which is controlling on the matter here at issue, between the *Loveday* case and the case sub judice. In the *Loveday* case the defendant had no office in Tennessee nor any designated resident agent on whom process could be served. In the case sub judice the defendant insurance Company has an office or agency in Davidson County where valid process may be served.

The employee sub judice also cites the case of *Insurance Company of North American v. Lane*, 215 Tenn. 376, 386 S.W.2d 513 (1965). In this case the discussion on venue would be dictum, as is so noted in this opinion, since the defendant waived the defense of lack of venue by filing an answer. Even so the Court speaking through Special Justice Clement purposely made a thorough review of venue in Workmen's Compensation cases. The employee cites the following statement from this case:

It seems to us that all of the foregoing cases can best be reconciled by holding that workmen's compensation cases must be brought (1) in the county of Petitioner's residence, or (2) in the county in which the accident happened, if the defendant is subject to service of process in either of those counties, and if the insurance company alone is being sued, and service of process can be obtained on the Insurance Commissioner, venue is

restricted to the county of Petitioner's residence or where the accident occurred; or, (3) that the petition may be filed in any county of the State where the Defendant maintains an office or agent for service of process only if the Defendant is not servable in either of the counties referred to aforesaid in keeping with the Workmen's Compensation Act, T.C.A. sec. 50-1018. However, in any event where a material defendant is properly before the Court, counterpart process may issue as provided by law. 386 S.W.2d 520

The above statement from the Lane case has application to the case sub judice in the following manner. Under number (1) above the employee cannot file his petition in the county of his residence (Fentress) since the defendant insurance company is not subject to service of process in this county. Under number (2) above the employee can file his petition in the county (Davidson) where the accident happened since the defendant insurance company is subject to service of process in this county. The language above, "and if the insurance company alone is being sued, and service of process can be obtained on the Insurance Commissioner," applies in a situation similar to the *Loveday* case. That is where the insurance company has no office, agency or designated resident director in Tennessee subject to the service of process, which method is not open in the instant case since the defendant insurance company has an office or agency in Davidson County.

The action of the trial judge in sustaining the plea in abatement filed by the defendant insurance company is affirmed.

BURNETT, CHIEF JUSTICE, and CHATTIN, JUSTICE, concur.

CRESON, JUSTICE, and WILLIAM J. HARBISON, SPECIAL JUSTICE, dissent.

## Dissenting Opinion

MR. SPECIAL JUSTICE WILLIAM J. HARBISON.

In the present case the petitioner for workmen's compensation benefits has undertaken to sue only the insurance carrier for his employer. The insurance carrier is a foreign insurance carrier qualified to do business in Tennessee. Petitioner has undertaken to sue this insurance carrier in the county of his residence. The insurance carrier has no office or agency in that county, but does have such in other counties of Tennessee. The majority of the Court hold that in order to sue the insurance carrier alone, under these circumstances, petitioner must file his suit in a county where the insurance carrier has an office or agency. I cannot agree to this conclusion. I believe that it is in conflict both with the earlier decisions of this Court in the cases of *Cartmell v. Mechanics' Ins. Co.*, 167 Tenn. 498, 71 S.W.2d 688 (1934) (which was not a workmen's compensation case), *T. H. Mastin & Co. v. Loveday*, 202 Tenn. 589, 308 S.W.2d 385 (1957), and *Insurance Company of North America v. Lance*, 215 Tenn. 376, 386 S.W.2d 513 (1965) (which were workmen's compensation cases). Nor can I reconcile the decision with the provisions of T.C.A. sec. 56-303 regulating insurance companies.

The foregoing statute is a part of the general insurance laws dealing with the qualifications of insurance companies to do business. T.C.A. sec. 56-301 expressly provides that no domestic insurance company or foreign insurance company shall commence business in this State

until it has, *inter alia,* complied with the provisions of T.C.A. secs. 56-301 to 56-308, and has received from the Commissioner of Insurance a certificate of authority to do business. T.C.A. sec. 56-303(3) expressly provides that no domestic or foreign insurance company shall be qualified and authorized to do business in this State until:

It shall, by duly executed instrument filed in his office, constitute and appoint the commissioner of insurance and banking and his chief deputy, or their successors, its true and lawful attorneys upon either of whom all lawful process in any action or legal proceeding against it may be served, and therein shall agree that any lawful process against it, which may be served upon its said attorney, shall be of the same force and validity as if served on the company, and that the authority thereof shall continue in force, irrevocably, as long as any liability of the company remains outstanding in this state. Any process issued by any court of record in this state and served upon such commissioner or his chief deputy by the proper officer of the county in which said commissioner or his chief deputy may have his office, shall be deemed a sufficient process on said company, and it is hereby made the duty of the commissioner or his chief deputy, promptly, after such service of process by any claimant, to forward, by registered mail, an exact copy of such notice to the company. (See also T.C.A. secs. 56-319 to 56-321).

Until the release of the majority opinion in this case, it has never been required to my knowledge, in any sort of proceeding that a person suing a foreign insurance company must file such suit in a county where the insurance carrier has an office or an agency. Until this decision, the commissioner has been deemed an agent for service

of process in every county of the state, and every citizen has been deemed to be entitled to sue in his own county; indeed, it has been considered that T.C.A. sec. 20-401, restricting venue to the county of the residence to the plaintiff and defendant, has been applicable to such cases, because the Commissioner of Insurance and Banking was available for service of process in every county of the state. Suits against foreign insurance companies have been analogized to suits against non-resident motorists. See *Cartmell v. Mechanics' Ins. Co.*, supra, and *Insurance Company of North America v. Lane*, supra.

In the case of *T. H. Mastin & Co. v. Loveday*, supra, it was expressly held by this Court that an employee could follow exactly the procedure which was followed in the present case—that is, he could sue a foreign insurance carrier in his home county, in a workmen's compensation case, and have service of process through the Commissioner of Insurance and Banking. This could not necessarily be done, of course, where the employer was also a party-defendant. In such cases it has always been held that the suit must be brought in a county where service of process could be had upon the employer, but the *Mastin* case involved a suit against the insurer alone.

While it is true, in the *Mastin* case, the insurer had no office or agency in Tennessee, the case certainly did not turn upon that fact, and in my opinion that is not a distinction sufficient to justify a different result in the present case. Of course, an employee may always sue his employer, and in no case does he have to join the insurance carrier as a party in workmen's compensation cases. Until the release of the opinion by a majority of the Court in the present case, however, it had been the understanding of the Bar generally that an employee

might sue the insurance carrier only, and that he might bring such suit in the county of his residence, regardless of whether the insurance carrier had an office or agency in that county or not.

I cannot reconcile the majority opinion with the statutes above referred to and with previous decisions of this Court. In my opinion the plea in abatement filed in this case should be overruled, and venue sustained in the county of petitioner's residence.

I am authorized to state that MR. JUSTICE CRESON joins with me in this dissent.