DARRENE DALE IVEY, Petitioner,

*v.*

CAROLYN DEAN and J. R. DEAN, Respondents.

410 S.W. 2d 408

(*Knoxville,* September Term, 1966.)

Opinion filed December 7, 1966.

SPEARS, MOORE, REBMAN & WILLIAMS, Chattanooga, for petitioner.

MORGAN & GARNER, Chattanooga, for respondents.

Mr. Justice Creson delivered the opinion of the Court.

The parties will be herein referred to as they appeared in the trial court; that is, petitioner Darrene Dale Ivey as defendant, and respondents Carolyn Dean and J. R. Dean as plaintiffs.

Plaintiffs Carolyn Dean and J. R. Dean filed separate declarations in the Circuit Court of Hamilton County, Tennessee. These declarations sought recovery for injuries and/or damages sustained by them as a result of an automobile accident involving the defendant Darrene Dale Ivey, which occurred in Catoosa County, Georgia.

The defendant filed pleas in abatement in response to both declarations, challenging the jurisdiction of the Hamilton County Circuit Court. These pleas disclosed that the plaintiffs were both residents of Walker County, Georgia, and that the defendant was likewise a resident of Walker County, Georgia. The contention made was that venue and jurisdiction was lacking in Hamilton County, Tennessee, under the provisions of T.C.A. sec. 20-401. It should be noted at this point that personal service was had upon the defendant in Hamilton County,

Tennessee. Plaintiffs then filed motions to dismiss the defendant's pleas in abatement. Orders were then entered by the trial court, overruling defendant's pleas in abatement. Amendments were made to the orders, noting that the pleas in abatement were heard without contest as to the facts contained therein, as if demurrers had been filed.

The defendant then petitioned this Court for writ of certiorari, under T.C.A. sec. 27-801.

The only question before this Court is whether or not T.C.A. sec. 20-401, which reads as follows:

*"Transitory actions.*—In all transitory actions, the right of action follows the person of the defendant, unless otherwise expressly provided. If the plaintiff and defendant both reside in the same county, such action shall be brought in the county of their residence. (Code 1858, secs. 2808, 2809 (deriv. Acts 1809 (Sept.), ch. 126, sec. 3); Shan., secs. 4513, 4514; Code 1932, secs. 8640, 8641.)"

proscribes the institution of an action in this state when both the plaintiff and defendant reside in the same county in another state.

The history of T.C.A. sec. 20-401 may be summarized as follows: Chapter 126, Section 3 of the Acts of 1809, represents the original enactment of the first sentence of the aforementioned Code section. It reads as follows:

"Be it enacted that in all criminal cases the trial shall be had in the county in which the offense may have been committed; in actions touching the freehold, the trial shall be had in the county in which the freehold may be situated; and in all transitory actions the right

of action shall follow the person of the defendant, subject in every instance to a change of venue according to the provisions of the Act to which this is a supplement.''

The second sentence of T.C.A. sec. 20-401 is derived from Chapter 60, Section 2 and the Acts of 1849-1850. That original enactment read as follows:

''That from and after the passage of this Act, any defendant or defendants may file a plea in abatement to any suit instituted against him or them in any of the courts of law in this state, when the plaintiff or plaintiffs reside in the same county with said defendant or defendants, when said suit may be instituted in any other county, except their place of residence; provided, this Act shall not apply so as to effect any rights or remedies in force against absconding debtors, under the attachment laws in force in this state.''

These two sections were codified as Sections 2808 and 2809 of the Code of 1858, and appear therein as follows:

''*2808*. In all transitory actions, the right of action follows the person of the defendant, unless otherwise expressly provided.''

''*2809*. If the plaintiff and defendant both reside in the same county in this State, such action shall be brought in the county of their residence.''

These two sections were again codified in Shannon's Code at Sections 4513 and 4514, and the language was the same as above quoted. Chapter 126, Section 3 of the Acts of 1809, quoted above, was cited as the origin of the Code sections. In the Code of 1932, these sections appeared as Sections 8640 and 8641. The same language

was used, except that in the second section, 8641, the words "in this state" were elided. In the present Tennessee Code Annotated, adopted in 1956, the two sections are combined and the words "in this state" again do not appear.

That this section, as previously construed by this Court, has a proscriptive implication is undeniable. It says, "If the plaintiff and defendant both reside in the same county, such action shall be brought in the county of their residence." No distinction is made between citizens of counties of this state and citizens of counties of another state. The reason for the Legislature's enactment of this rule has often been stated as follows:

"And thus interpreted it is a just rule, for it would be most unjust to permit the plaintiff in a simple action of debt or other such action, although the venue may be wherever the defendant may be found, to catch his neighbor away from home, and the home of his witness, and surprise him with a suit, which, however able he may be to resist at home, he is wholly unable to do so among strangers. Such oppressive use of this would be of the process of courts is prevented by Section 8641, and it is believed this was all it was intended to do." *Tims v. Carter* (1951) 192 Tenn. 386, 241 S.W.2d 501.

We know of no reason, constitutional or otherwise, why this state cannot deny access to certain of its courts to residents of other states who reside in the same county in those states under the same circumstances that this state denies access to such courts by residents of this state who reside in the same county in this state.

The reason for which this section was enacted is equally applicable whether the plaintiff and defendant are citizens of the same county in this state or citizens of the same county in another state.

The orders of the trial judge overruling defendant's pleas in abatement are reversed, the pleas sustained and the suits dismissed. The costs are assessed against the respondents, equally.

BURNETT, CHIEF JUSTICE, and DYER and CHATTIN, JUSTICES, concur.

HARBISON, SPECIAL JUSTICE, dissents.

MR. SPECIAL JUSTICE HARBISON (dissenting).

I am unable to agree with the construction of T.C.A. sec. 20-401 pronounced in the majority opinion. This statute is a venue statute, and is codified in a Chapter of the Code captioned, "Venue of Actions." I cannot conceive that it has any reference to anything other than procedure in Tennessee courts, or that it evinces any policy considerations so as to repel persons who live in other states from access to Tennessee courts, when they may legitimately obtain service of process and bring their suits in the Tennessee courts.

In the present case all parties resided in the same county of the State of Georgia, and an automobile accident happened in another county in Georgia. All parties resided in Walker County, Georgia, and the accident occurred in Catoosa County, in that state. The plaintiffs were, however, able to obtain personal service of process upon the defendants in Hamilton County, Tennessee. The decision today repels them from access to the Tennessee

courts upon the ground that all of the parties are residents of the same county in another state.

As stated, I simply cannot agree. I recognize that the "localizing" provisions of the second sentence of T.C.A. sec. 20-401 have undergone some change in the series of codifications which have occurred since the sentence was first added to the statutes in 1849. As explained in the majority opinion, in the Code of 1858 the localizing provision was to the effect that if the plaintiff and defendant both reside in the same county "in this state," such action shall be brought in the county of their residence.

The words "in this state" were not in the original Public Acts of 1849 except with reference to the courts of the state. They did not refer to residence of the litigants. In later codifications, the words "in this state" were elided entirely. The majority opinion finds in this elision an intent on the part of the Legislature to confine citizens of other states, who live in the same county in such other states, to the courts of the county of their residence.

This, in my opinion, simply does not follow. I think it much more likely that the codifiers elided the words "in this state" simply upon the basis that they were surplusage. As stated, the statute is a venue statute only, and the second sentence of the present T.C.A. sec. 20-401 simply provides that when the plaintiff and defendant reside in the same county, the suit shall be brought in the county of their residence. The first sentence of this section provides that in transitory actions the right of action follows the person of the defendant unless otherwise expressly provided.

I agree with the majority opinion that the State of Tennessee could deny non-residents access to certain of its court upon the same conditions and under the same circumstances that it denies access to such courts by residents of this state who reside in the same county of the state. I simply do not think that the Legislature did deny access by T.C.A. sec. 20-401, and I know of no other statute which does so.

We were told in oral argument of this case that the problem created here is one that exists in many of the border cities and counties of Tennessee. It is argued that the defendant, who is sued in Tennessee, cannot subpoena witnesses from Georgia to testify, and cannot conveniently take depositions in Georgia without obtaining special commissions, et cetera, from the Tennessee courts. This may be a legitimate problem, and it is quite possible that the Legislature of Tennessee could deny access to citizens of other states under these circumstances. As stated, however, in my opinion it simply has not done so.

I do not understand that the majority opinion necessarily would be applicable to a situation where an accident occurred in Tennessee, and the plaintiff was able to obtain service of process and venue through the non-resident motorists statute, T.C.A. sec. 20-224 et seq. This, however, is not entirely clear to me from the majority opinion. This Court held in *Thomas v. Altersheler,* 191 Tenn. 640, 235 S.W.2d 806 (1951), that the non-resident motorists statute was available to non-resident plaintiffs as well as to resident plaintiffs. The Court held that where a non-resident plaintiff wishes to sue a non-resident defendant in Tennessee under this statute, venue shall be in the county where the accident occurred. In

the present case, suppose that the plaintiff and the defendants all resided in Walker County, Georgia, but the cause of action arose in Hamilton County. Would the Court hold that the parties must litigate their case in Georgia and deny access to the Hamilton County, Tennessee courts? I cannot think that this is the intention of the majority. Yet, it cannot be denied, that "under the same circumstances" two residents of the same county of Tennessee, other than Hamilton County, would be denied access to the Hamilton County court. That is, if the plaintiff and defendant both resided in Davidson County, Tennessee, but had an automobile accident in Hamilton County, they could not litigate with one another except in the courts of Davidson County, Tennessee. Literally applied, the majority opinion would confine two parties resident in Walker County, Georgia to that county in Georgia, even though the accident occurred in Tennessee, although there is no showing that the State of Georgia has any such restrictive venue statutes.

For these reasons, I would simply construe T.C.A. sec. 20-401 as being a venue statute, and in my opinion the second sentence thereof has reference only to persons who reside in the same county of Tennessee. I would affirm the judgment of the trial court in overruling the plea in abatement filed herein.