**Russell SIKES, Appellant,**

v.

**COLONIAL RUBBER CO. and Fireman's Fund Ins. Co., Appellees.**

Supreme Court of Tennessee.

Dec. 29, 1978.

T. Robert Hill, Hill & Sanders, Jackson, for appellant.

Russell L. Moore, Jr., Ewell, Farmer & Moore, Dyersburg, for appellees.

OPINION

HENRY, Chief Justice.

In this workmen's compensation case, appellant Russell Sikes, a resident of Obion County, was injured while working for the Colonial Rubber Company in Dyer County. Sikes alleges that he is completely disabled as a result of a fall that injured his legs and aggravated a preexisting but dormant arthritic condition. The sole question on ap-

peal is whether the Chancellor correctly dismissed the action for improper venue. We hold that venue was proper as to the defendant insurance company.

## I.

Sikes originally filed suit in Dyer County against Colonial Rubber, a foreign corporation with a manufacturing plant in Dyersburg, and its insurer, Fireman's Fund Insurance Company. Fireman's Fund is also a foreign corporation qualified to do business in Tennessee. Pursuant to T.C.A. § 56–203(3), it had appointed the Commissioner of Insurance and Banking as its agent for service of process.

The Dyer County action was voluntarily nonsuited and later renewed against both defendants in Obion County, where Sikes resides. Process was served upon Colonial Rubber in Dyer County and upon Fireman's Fund through the Commissioner of Insurance. The defendants filed a motion to dismiss for improper venue under Rule 12 of the Tennessee Rules of Civil Procedure, contending that Dyer County was the proper venue. The Chancellor granted the motion dismissing the action and this appeal followed.

## II.

Section 50–1018, T.C.A. provides in part: The party filing the petition may, at his option, instead of filing the same before the county judge or chairman [of the county court in which the accident occurred], file the same as an original petition in either the circuit, criminal, or chancery court of the county in which petitioner resides or in which the alleged accident happens, in which event summons shall be issued by the clerk of the court in which the proceeding is instituted   .   .   .

In *Chambers v. Sanford and Treadway*, 154 Tenn. 134, 289 S.W. 533 (1926), the Court held that workmen's compensation actions are transitory in nature and are subject to the rules generally regulating venue. The current venue provision governing transitory actions, § 20–401, provides:

In all civil actions of a transitory nature, *unless venue is otherwise expressly provided for*, the action may be brought in the county where the cause of action arose or in the county where the defendant resides or is found. (Emphasis supplied)

There has been considerable confusion in the cases addressing the proper venue for workmen's compensation actions. *See, e. g., Redman v. DuPont Rayon Co.*, 165 Tenn. 585, 56 S.W.2d 737 (1933); *Brown v. Stone & Webster Engineering Corp.*, 181 Tenn. 293, 181 S.W.2d 148 (1944); *Flowers v. Aetna Casualty & Surety Co.*, 186 Tenn. 603, 212 S.W.2d 595 (1948); *T. H. Mastin & Co., v. Loveday*, 202 Tenn. 589, 308 S.W.2d 385 (1957); *General Accident Fire & Life Assurance Corp. Ltd., v. Kirkland*, 207 Tenn. 72, 338 S.W.2d 549 (1960).

In *Insurance Company of North America v. Lane*, 215 Tenn. 376, 386 S.W.2d 513 (1965), the Court attempted to reconcile venue cases by holding that:

Workmen's compensation cases must be brought (1) in the county of Petitioner's residence, or (2) in the county in which the accident happened, if the defendant is subject to service of process in either of those counties, and if the insurance company alone is being sued, and service of process can be obtained on the Insurance Commissioner, venue is restricted to the county of Petitioner's residence or where the accident occurred; or, (3) that the petition may be filed in any county of the State where the Defendant maintains an office or agent for service of process only if the Defendant is not servable in either of the counties referred to aforesaid in keeping with the Workmen's Compensation Act, T.C.A. § 50–1018. 215 Tenn. at 391, 392, 386 S.W.2d at 520.

Construing this language a year later in *Human v. Liberty Mutual Insurance Company*, 219 Tenn. 335, 409 S.W.2d 536 (1966), a majority of the Court held that venue in the county of the plaintiff's residence was not proper in an action against the insur-

ance company alone if the insurer had an office or agent in another county of the State. In dissent, Justice Harbison (sitting specially) and Justice Creson maintained that this result was contrary to prior decisions and to the statutes regulating insurance companies.

The *Human* decision has been cited only once. In *Burton v. Borden Foods Co.*, 494 S.W.2d 775 (Tenn.1972), Justice Humphreys wrote:

> In *Human* the majority of this Court, bound by precedent, held that the right to bring a Workmen's Compensation suit in a county where the petitioner resides or where the accident occurred, although indicated as a right by § 50–1018 T.C.A., is subject to the rules generally regulating venue, and thus is subject to the condition that the defendant be servable with process in the county where the suit was brought, as in other civil cases. 494 S.W.2d at 776.

Under the facts presented in *Burton*, the Court held that venue was proper although the defendant did not have an office or agent in the county when the action was filed. Citing Justice Harbison's dissent in *Human*, the Court stated:

> A primary object being justice, this result is also prompted by the strongly held opinion that § 50–1018 T.C.A. authorizes Workmen's Compensation suits to be brought in the county in which the petitioner resides or in which the alleged accident happened. 494 S.W.2d at 777.

■ Thus, under § 50–1018, T.C.A. venue of a workmen's compensation action lies in the county in which the petitioner resides, or in the county in which the accident or injury was incurred, but subject to the general rules relating to transitory actions, including the requirement that "the defendant be servable with process in the county where the suit was brought, as in other civil cases." 494 S.W.2d at 776. Applying this rule to the instant case, Colonial Rubber Company was not subject to suit in Obion County.

### III.

■ Shortly after the *Human* decision, the Legislature amended T.C.A. § 56–203, which outlines the requirements an insurance company must meet to be qualified to do business in Tennessee, by adding the following sentence to subsection 3:

> *Service of process* from any county in this state *upon the commissioner of insurance and banking or his chief deputy by the proper officer of the county in which the commissioner or his chief deputy may have his office shall establish proper venue in the county from which the process was issued, if the plaintiff resides in that county*, whether the insurance company has an office or agency located in one or more other counties of this state or not. (Emphasis supplied)

Under the "unless venue is otherwise expressly provided for" clause in the general venue statute, T.C.A. § 20–401, this amendment establishes proper venue for an action against the insurance company in the county of the employee's residence. Thus, service of process on the Commissioner of Insurance established proper venue against the defendant Fireman's Fund Insurance Company in Obion County.

The Chancellor's dismissal of the action against Colonial Rubber Company was proper and is affirmed. Dismissal of the action against Fireman's Fund is reversed and the cause is remanded to the Chancery Court of Obion County for a hearing on the merits.

FONES, COOPER, HARBISON and BROCK, JJ., concur.