**Herbert A. VOLNER, et al., Plaintiffs-Appellants,**

**v.**

**Dossie D. DAVIS, Defendant-Appellee.**

Supreme Court of Tennessee, at Jackson.

Nov. 30, 1981.

W. R. Menzies, Jr., Menzies, Rainey & Kizer, Jackson, for plaintiffs-appellants.

Larry P. Chinn, Kirkpatrick, Lucas & Kirkpatrick, Memphis, for defendant-appellee.

OPINION

HARBISON, Chief Justice.

This case presents the issue of venue in a worker's compensation action instituted by the employer and its insurance carrier. The suit was brought in the county of residence of the employee, an individual, the only defendant to the action. The trial judge held that the venue was improper, and the plaintiffs appealed.

We are of the opinion that under the controlling statute and cases construing it venue was properly laid. It was stipulated by the parties that the defendant resided in the county where suit was brought. The accident happened in a different county where the employer had its principal place of business. Nothing in the record indicates the nature of the accident or whether

it occurred upon the employer's premises. The accident was alleged to have occurred in 1977, and suit was filed on October 20, 1980, alleging that an attorney for the employee had made a claim against the employer. The employer and its insurance carrier sought a declaratory judgment as to whether there was any liability or as to whether the claim was barred by the statute of limitations. The record does not indicate whether the employee continued to work for the employer when suit was brought, and there is no other indication that the employee could be served with process in any county other than that of his residence.

T.C.A. § 50–1018 permits either the employer or the employee to file a worker's compensation action before the judge or chairman of the county court in which the accident occurred. In the alternative, either party is given the option of filing the action

"... as an original petition in either the circuit, criminal or chancery court of the county in which petitioner resides or in which the alleged accident happens ...."

Reviewing the numerous decisions on venue in actions of this kind, this Court recently said:

"Thus, under § 50–1018, T.C.A. venue of a workmen's compensation action lies in the county in which the petitioner resides, or in the county in which the accident or injury was incurred, but subject to the general rules relating to transitory actions, including the requirement that 'the defendant be servable with process in the county where the suit was brought, as in other civil cases.'" *Sikes v. Colonial Rubber Co.*, 575 S.W.2d 275, 277 (Tenn. 1978).

There is no showing that the defendant was regularly "servable with process" in any county other than that in which he resided when the action was brought. The general statute governing transitory actions, T.C.A. § 20–4–101, provides that in the absence of express provisions to the contrary, such actions

"... may be brought in the county where the cause of action arose or in the county where the defendant resides or is found."

 While the action could have been brought in the county where the accident occurred, we are of the opinion that that was not the exclusive county of venue as contended by appellee.

The judgment of the trial court is reversed and the cause is remanded for further proceedings consistent herewith. Costs incident to the appeal are taxed to appellee.

FONES, COOPER, BROCK and DROWOTA, JJ., concur.