**Ernest D. TURPIN, Plaintiff/Appellee,**

v.

**CONNER BROTHERS EXCAVATING
COMPANY, INC.,
Defendant/Appellant.**

Supreme Court of Tennessee,
at Knoxville.

Nov. 21, 1988.

Daryl R. Fansler, Carpenter & O'Connor, Knoxville, for defendant/appellant.

J. Michael Lain, McNees, Lain & Roe, Oak Ridge, for plaintiff/appellee.

## OPINION

O'BRIEN, Justice.

In this workers' compensation case plaintiff Ernest Turpin, a resident of Anderson County, was injured while working for the defendant, Conner Brothers Excavating Company, Inc., in Knox County. Turpin alleged he was injured in the course of his employment on 9 January 1986. His complaint was filed on 15 June 1987 in Anderson County. The employer was the only entity named as a defendant and was served with process in Knox County.

On 15 September 1987 the defendant filed a motion to dismiss the Anderson County proceedings, alleging that it had no office, agent or director in Anderson County, that the court did not have jurisdiction over the defendant and that venue was improper in the Circuit Court for Anderson County. At the same time defendant and its workers' compensation insurance carrier, Wausau Insurance Company, initiated an action in the Chancery Court for Knox

County encompassing the same cause of action.

On 2 October 1987 the plaintiff filed a motion to amend the complaint to add Wausau Insurance Company as a defendant. The cause came on to be heard on 2 November 1987. The court concluded that the motion to dismiss was not well taken and it was overruled. The motion of the plaintiff to add an additional defendant was granted. Permission was granted to file an interlocutory appeal to the this Court in accordance with the provisions of T.R.A.P. 9. The appeal was granted by this Court and we now have the matter for decision.

The defendants raised two (2) issues in their application for permission to appeal. (1) Did venue lie in the Circuit Court of Anderson County for the purposes of this proceeding. (2) After the motion to dismiss was filed could the trial court properly allow an amendment to the complaint to add a new party.

█ On the first issue we hold that venue was not proper and the Anderson County Court did not attain jurisdiction of the defendant employer. In *Sikes v. Colonial Rubber Company*, 575 S.W.2d 275 (Tenn. 1978) this Court addressed the issue of proper venue for workers' compensation actions. The petitioner in that case filed suit against his employer and its insurance carrier in the county of his residence. Process was served upon the employer in another county, as is the case here, and upon the workers' compensation insurance carrier through the Commissioner of Insurance in accordance with [T.C.A. § 56–2–103(3)]. The Court said:

> "Thus, under [T.C.A. § 50–6–225] venue of a [workers'] compensation action lies in the county in which the petitioner resides, or in the county in which the accident or injury was incurred, but subject to the general rules relating to transitory actions, including the requirement that 'the defendant be servable with process in the county where the suit was brought, as in other civil cases.' "

█ Applying this rule to the instant case, the employer was not subject to suit in Anderson County. The appellant here concedes that had defendant's insurance carrier originally been named as a party service of process on the Commissioner of Insurance would have established proper venue. However, that was not the case. The defendant filed a motion to dismiss pursuant to Civil Procedure Rule 12.02 objecting to the venue of the action and asserting that the Anderson County Court did not have jurisdiction. Venue is the personal privilege of a defendant to be sued in particular counties; it may be waived and is waived by a defendant who defends upon the merits without first interposing an objection to improper venue. Jurisdiction is the lawful authority of a court to adjudicate a controversy brought before it; jurisdiction of the subject matter is conferred by the Constitution and statutes, jurisdiction of the parties is acquired by service of process. *Kane v. Kane*, 547 S.W.2d 559, 560 (Tenn.1977). The defendant's motion to dismiss was proper and appropriate. It took precedence over the motion to amend filed by plaintiff and in the absence of any evidence contrary to its assertions should have been granted.

To sustain the theory that his amendment should relate back to the date of the original pleading, plaintiff insists the resolution of this matter hinges upon interpretation of Civil Procedure Rule 15.03. We disagree. The venue of transitory actions is fixed by T.C.A. § 20–4–101. Civil Procedure Rule 15.03 was not enacted for the purpose of establishing venue. The proceedings in the lower court are dismissed. The costs on this appeal are assessed against the plaintiff.

HARBISON, C.J., and FONES, COOPER and DROWOTA, JJ., concur.