FIVE STAR EXPRESS, INC. and Liberty
Mutual Insurance Company,
Petitioners–Appellants,

v.

Ray A. DAVIS, Defendant–Appellee.

Supreme Court of Tennessee,
at Nashville.

Nov. 22, 1993.

Richard C. Mangelsdorf, Lee Anne Murray, Leitner, Warner, Moffitt, Williams, Dooley, Carpenter, and Napolitan, Nashville, for petitioners-appellants.

John W. Price, Dyersburg, for defendant-appellee.

## OPINION

DROWOTA, Justice.

The petitioners, Five Star Express, Inc. (Five Star) and Liberty Mutual Insurance Company (Liberty Mutual), appeal from the order of the trial court dismissing this worker's compensation case on the grounds of improper venue. The sole issue for our consideration is one which has caused considerable confusion for the bench and bar for a number of years: whether the venue for worker's compensation cases should be determined exclusively by T.C.A. § 50-6-225(c)(1), which provides that a petition in a worker's compensation case may be brought in the county in which the petitioner resides or in the county where the injury occurred,

or whether the provisions of § 50–6–225(c)(1) must be construed in light of the statute providing for venue in general transitory actions, T.C.A. § 20–4–101.

## THE FACTS

Ray Davis, a resident of Dyer County, Tennessee, was employed as an over-the-road truck driver by Five Star, a Nashville-based trucking company which serves customers in several states. On November 25, 1991, Davis sustained a work-related injury to his back in Brooklyn, New York. Davis returned to Tennessee and received treatment, including surgery, for the injury. The injury was accepted as compensable by Liberty Mutual, the worker's compensation insurance carrier for Five Star, and Davis was paid sums for temporary total disability benefits and for reasonable and necessary medical expenses.

On August 28, 1992, Five Star filed a petition in the Davidson County Circuit Court for a determination of the worker's compensation benefits owed to Davis. The clerk of the court issued a summons, which was personally served upon Davis at his residence in Dyer County.

Davis then filed a motion to dismiss the action pursuant to Rule 12.02, Tenn.R.Civ.P., arguing that Davidson County was not the proper venue in which to bring the action. The trial court granted Davis's motion; it held that because Davis could not be properly served with process in Davidson County, the venue was improper under this Court's decision in *Sikes v. Colonial Rubber Co.*, 575 S.W.2d 275 (Tenn.1978). Five Star and Liberty Mutual appeal.

## ANALYSIS

■ As noted above, the issue of venue in workers' compensation cases has generated confusion among judges, practitioners, and commentators over the years. *See*

*Sikes, supra,* at 276; see also D. Andrew Bryne & Ted C. Raynor, *Tennessee Worker's Compensation—Where is the Proper Venue?,* 20 Mem.St.U.L.Rev. 189 (1990); L. Pivnick, *Tennessee Circuit Court Practice* § 6–10 (2d ed. 1986). At first blush, this is surprising, because the subject of venue in worker's compensation cases appears to be covered in specific and unambiguous terms in T.C.A. § 50–6–225(c)(1). That section provides, in pertinent part:

> The party filing the petition may ... file the same as an original petition in either the circuit, criminal or chancery court [1] *of the county in which the petitioner resides or* [2] *in which the alleged accident happens ...*

(Emphasis added.) Despite the seemingly straightforward venue options in § 50–6–225(c)(1), this Court has held that venue in worker's compensation cases is not to be determined solely by reference to that statute, but must instead take into account the provisions of the statute concerning venue in general transitory actions [1]—T.C.A. § 20–4–101—and the rules that accompany that section. That section provides, in pertinent part:

> In all civil actions of a transitory nature, *unless venue is otherwise expressly provided for,* the action may be brought [1] in the county where the cause of action arose or [2] in the county where the defendant resides or is found.

(Emphasis added.) Specifically, this Court has required, in a long line of cases, that the defendant in worker's compensation cases be servable with process in the county in which suit is brought, as in other civil cases. *Turpin v. Conner Brothers Excavating Co.*, 761 S.W.2d 296 (Tenn.1988); *Volner v. Davis*, 624 S.W.2d 555 (Tenn.1981); *Sikes v. Colonial Rubber Co.*, 575 S.W.2d 275 (Tenn.1978); *Human v. Liberty Mutual Insurance Co.,*

---

1. There are two types of actions for purposes of venue. A transitory action is one in which the injury occurred to a subject not having an immovable location; therefore a transitory action could have occurred anywhere. Typical examples of transitory actions are actions sounding in tort and contract. On the other hand, a local action is an action in which the injury occurred to an immovable object; the classic example is an action involving injury to real property. *Curtis v. Garrison*, 211 Tenn. 339, 364 S.W.2d 933 (1963); *Mattix v. Swepston*, 127 Tenn. 693, 155 S.W. 928 (1913). Local actions must be brought in the county in which the property is located. T.C.A. § 20–4–103.

219 Tenn. 335, 409 S.W.2d 536 (1966); *Insurance Company of North America v. Lane,* 215 Tenn. 376, 386 S.W.2d 513 (1965); *T.H. Mastin & Co. v. Loveday,* 202 Tenn. 589, 308 S.W.2d 385 (1957); *Flowers v. Aetna Casualty & Surety Co.,* 186 Tenn. 603, 212 S.W.2d 595 (1948); *Brown v. Stone & Webster Engineering Corp.,* 181 Tenn. 293, 181 S.W.2d 148 (1944); *Redman v. DuPont Rayon Co.,* 165 Tenn. 585, 56 S.W.2d 737 (1933); *Chambers v. Sanford & Treadway,* 154 Tenn. 134, 289 S.W. 533 (1926). The effect of this requirement has often been that the petitioner in workers' compensation actions, whether the petitioner happens to be the employee or the employer, has been unable to bring action in the county of his, or its, residence, thus negating one of the specific venue options in § 50–6–225(c)(1).

The fusion of the specific worker's compensation venue statute and the venue statute for transitory actions appears all the more anomalous because the emphasized language of § 20–4–101(a), "unless venue is otherwise expressly provided for," clearly allows the Legislature to designate a venue other than the county where the cause of action arose or where the defendant resides or is found for at least some types of transitory actions. Therefore, it would seem that the workers' compensation venue statute would fit squarely into this exception to the general rule regarding the venue of transitory actions[2]. This conclusion is buttressed by the basic rule of statutory construction which provides that a general statute concerning a subject must defer to a more specific statute concerning the same subject. *See Watts v. Putnam County,* 525 S.W.2d 488 (Tenn.1975); *Koella v. State ex rel. Moffett,* 218 Tenn. 629, 405 S.W.2d 184 (1966).

The effective nullification of the first option in the workers' compensation venue statute can be fully understood only by examining the decision in *Chambers v. Sanford & Treadway,* 154 Tenn. 134, 289 S.W. 533 (1926). *Chambers* is the seminal decision on this issue, and thus provides the fullest exposition of the reasoning underlying the line of cases noted above.

In *Chambers,* the employee resided in Carter County, Tennessee, and suffered a work-related injury in Carter County. The employee brought an action to recover worker's compensation benefits in Washington County, where the employer maintained "an office and a place of business." The employer moved to dismiss the action for "want of jurisdiction," and the trial court granted the motion. The petitioner appealed, arguing that the action was transitory in nature, and that he should therefore be allowed, under the statutes governing venue in transitory actions, to bring the action in the county where the employer resided or where it had an office or agency.

The *Chambers* court accepted the petitioner's argument, and reversed the judgment of the trial court. The Court, in an opinion authored by Justice Cook, reasoned as follows:

> These actions cannot be classified as in either tort or contract, but without regard to classification they are personal, not local and are inherently transitory ... and if venue is not restricted to locality by the Compensation Act which creates the right and provides the remedy, the territorial jurisdiction must be controlled by the laws which generally regulate venue.

154 Tenn. at 137, 289 S.W. at 534.

. . . . .

> *When the Compensation Law, chapter 123, Acts of 1919, was passed then existing statutes localized transitory actions to the county where the defendant was servable with process.* See Shannon's Code, sections 4513, 4516, 4542. The law of venue was well defined. Should the provisions of the Compensation Act on the subject of venue be held exclusive, localizing the action to the county where the injury occurred or where the petitioner resides, a direct conflict would result. The employee of a company or a corporation with an office or agency in one county carrying on

Tenn. 440, 445, 121 S.W.2d 523 (1938).

---

2. There is some authority to support this conclusion; see, e.g. *Borden Mills, Inc. v. Manis,* 173

work in another county, or an individual resident in one county and operating in another county could, under such construction only be sued in the county where the accident occurred or where the petitioner resided. Under such a construction the employee could not bring the proceeding against a foreign corporation having no officer or resident director in the county where the petitioner resided or the accident occurred, for section 4542 provides that it shall apply only to cases where the suit is brought in the county where such agency, resident director, or office is located.

*Sections 4516, 4542 of Shannon's Code, localizes the actions against corporations, companies or individuals of the county where they maintain an office or agency.* When the General Assembly enacted the Compensation Law they evidently had in mind the convenience of the parties, and by section 32 [now T.C.A. § 50–6–225(c)(1)] of the Act authorized the employee to bring the suit in the county of his residence, or in the county where the accident occurred for the convenience of the parties and the witnesses, subject to the rules generally regulating venue. The very language of the Act negatives the idea that its provisions touching venue are exclusive. It provides that the party filing the petition may file it in the circuit court, criminal court or chancery court where he resides or where the accident happens. *If the other statutes regulating venue forbid the service of process required to bring the employer before the court of the petitioner's residence, or before the court where the accident occurred, it would follow that the petitioner could go to the locality where the employer could be served with process, and where the rights assured under the Compensation Act could be adjudicated.*

(Emphasis added.) 154 Tenn. at 139–140, 289 S.W. at 535.

The *Chambers* Court held that the worker's compensation venue statute was to be read in conjunction with the general rules of venue in order to protect an injured employee who might otherwise be deprived of a forum in which to enforce the rights created by the workers' compensation statutes. This concern was prompted by the Court's view that the law of service of process controlled, or determined, the law of venue. Under this view, the relationship between two statutes— § 4516 and § 4542—took on paramount importance. Section 4516 provided that:

When a corporation or company or individual has an office or agency in any county for the transaction of business, actions growing out of, or connected with, the business of that office or agency, *may* be brought in the county in which such office or agency is located.

(Emphasis added). Although the venue statute for entities maintaining business offices in any county was phrased permissively, so that a plaintiff would not appear to be limited to bringing the action in that county, the Court construed § 4516 to "localize" the action in that county. The reason for this construction was § 4542, which provided:

When a corporation, company, or individual has an office or agency, or resident director, in any county other than that in which the chief officer or principal resides, the service of process may be made on any agent or clerk employed therein in all actions brought in such county against said company growing out of the business of, or connected with, said company or principal's business; *but this section shall apply only to cases where the suit is brought in such counties where such agency, resident director, or office is located.*

(Emphasis added). Therefore, it is clear that the Court believed that the propriety of the venue of an action was predicated on the plaintiff's ability to serve the defendant in the county in which the action was commenced. This view was supported by the rules of venue in general transitory actions, which required that to bring an action against a defendant who did not reside in the forum county, a plaintiff had to commence the action while the defendant was in the forum county, and also had to serve the defendant before he departed from the county. *Carlisle v. Cowan*, 85 Tenn. 165, 2 S.W. 26 (1886); *Haynes v. Woods*, 151 Tenn. 163, 268 S.W. 632 (1924). Because § 4542 provid-

ed the sole method of serving a corporation whose major officers did not reside in Tennessee[3], it is understandable that the *Chambers* Court feared that if an employee was limited to bringing the action in his county of residence or the county where the accident occurred, and the corporation had no office in either of those counties, the employee would be deprived of a forum in which to litigate his claims. Under the *Chambers* rule, it was of no consequence that the legislature designated a specific venue for a transitory action, pursuant to an explicitly reserved power to do so[4]: if the defendant could not be served with process in this otherwise valid venue, the action could not be maintained.

The *Chambers* rule, although perhaps defensible in 1926, has since been emasculated in several ways. Initially, the Legislature has abrogated the rule with respect to two major groups of litigants in workers' compensation actions: workers' compensation insurance carriers and self-insured employers. In 1967, the Legislature amended the statute dealing with the service of process upon worker's compensation insurance carriers— T.C.A. § 56–2–103(3)—to provide that "service of process from any county in this state upon the commissioner ... shall establish proper venue in the county from which the process was issued, if the plaintiff resides in that county." 1967 Tenn.Pub.Acts Ch. 130, § 1[5]; *see Sikes v. Colonial Rubber Co.*, 575 S.W.2d 275, 277 (Tenn.1978). Moreover, in 1987 the Legislature amended the statute concerning service on corporations—T.C.A. § 48–15–104—to require that self-insured employers appoint the commissioner for commerce and insurance as agent to receive ser-

vice of process "as is required of insurance companies by the provisions of § 56–2–103." 1987 Tenn.Pub.Acts ch. 273, § 47. While § 48–15–104(c) does not expressly state that service of process upon the commissioner, issued from any county in this state, shall establish proper venue in that county, we believe that the clear intent of the Legislature in enacting this provision was to bring self-insured employers into line with workers' compensation insurers in matters of service of process and venue. Therefore, the Legislature has repudiated the *Chambers* rule, at least in situations where the employee brings an action against the worker's compensation carrier or a self-insured employer.

The *Chambers* rule has also been undermined on a more basic level by the substantial liberalization of the law of service of process. The stringent service of process statute cited in *Chambers*—§ 4542—which eventually became T.C.A. § 20–217—was repealed by the legislature in 1972. 1972 Tenn. Pub.Acts (Adj.S.) Ch. 565, § 1. Now, the service of process upon corporations is controlled by Rule 4.04(4), Tenn.R.Civ.P., and T.C.A. § 48–15–104. Rule 4.04(4) provides:

> Service shall be made as follows: Upon a domestic corporation, or a foreign corporation doing business in this state, by delivering a copy of the summons and of the complaint to an officer or managing agent thereof, or to the chief agent in the county wherein the action is brought, *or by delivering the copies to any other agent authorized by appointment or by law to receive service on behalf of the corporation.*

3. If the officers of the corporation did reside in Tennessee, service could be accomplished pursuant to the provisions of § 4539, and venue would not be an issue. Hence the *Chambers* Court's concern with "foreign corporations."

4. The venue statute for general transitory actions—Shannon's Code § 4513—contained an "exception clause" substantively similar to that contained in T.C.A. § 20–4–101(a). Section 4513 provided that "[i]n all transitory actions, the right of action follows the person of the defendant, *unless otherwise provided.*" (emphasis added.) Moreover, it is clear that the Legislature had explicitly reserved this power since at least 1809. 1809 Tenn.Pub.Act ch. 126, § 3 provided

in part, that: "in all transitory actions the right of action shall follow the person of the defendant, *subject in every instance to a change of venue according to the provisions of the Act to which this is a supplement.*" (emphasis added); *see Ivey v. Dean*, 219 Tenn. 408, 410 S.W.2d 408 (1966).

5. This amendment was prompted by this Court's decision in *Human v. Liberty Mutual Insurance Co.*, 219 Tenn. 335, 409 S.W.2d 536 (1966). In *Human*, this Court held that service of process upon the insurance carrier from the county of the plaintiff's residence did not establish venue in that county when the insurance company had an office in another county.

(Emphasis added.) T.C.A. § 48–15–101 requires each corporation doing business in Tennessee to appoint a registered agent and to maintain a registered agent in this state at all times. Section 48–15–104 provides that the corporation's registered agent is the corporation's agent for service of process, and that if the corporation fails to appoint a registered agent, the Secretary of State shall be deemed the corporation's agent for service of process.[6] Thus, the Tennessee Rules of Civil Procedure, coupled with the general corporation statutes, now provide the method of serving process upon corporations doing business in Tennessee, and it is no longer necessary to serve a corporation, partnership, or individual in the county in which the action is brought. Because the law of service of process cited by the *Chambers* Court is no longer valid, it follows that T.C.A. § 20–4–104, the equivalent of Shannon's Code § 4516, should no longer be construed to localize the venue of actions against an entity maintaining an office for the transaction of business in a county to that county. Section § 20–4–104 should now be construed to allow the plaintiff to bring the action in the county in which the entity maintains an office; the statute does not, however, require that plaintiff do so. Therefore, it is clear that § 20–4–104 no longer provides a barrier to a literal and straightforward construction of the workers' compensation venue statute.

This conclusion is buttressed by T.C.A. § 20–4–101(c), which was added to the transitory venue statute by the Legislature in 1971. 1971 Tenn.Pub.Acts Ch. 51, § 1; 1972 Tenn.Pub.Acts (Adj.S.) Ch. 446, § 1. Section 20–4–101(c) provides:

> Where the action is brought either in the county where the cause of action arose or in the county where the defendant resides, process may be sent to another county as

in local action and it shall not be necessary or required that the defendant be in the county of action either when the action is commenced, or during the time between the commencement of the action and service of process.

This legislation was enacted to bring the rules of service of process in transitory actions into line with the service of process rules pertaining to local actions. In local actions, the defendant may be served with process in any county in the state, provided that the action is filed in the county where the injury occurred; see T.C.A. §§ 20–2–107 and 20–4–103. Section 20–4–101(c) expressly abrogated the method of service previously required to establish venue over a transient defendant in transitory actions. *See Mayor of Nashville v. Webb,* 114 Tenn. 432, 85 S.W. 404 (1904); *Haynes v. Woods,* 151 Tenn. 163, 268 S.W. 632 (1924); see generally G. David DeLozier, *Venue Alternatives in Transitory Actions: Legislative Amendment,* 39 Tenn. L.Rev. 118 (1972). Although § 20–4–101(c) does not specifically state that process shall run to any county in the state in *any* transitory action, this provision is yet another example of the Legislature's intention that service of process not be a barrier to an action filed in a venue designated as proper by the Legislature.[7]

 In view of the foregoing, it is clear that the *Chambers* rationale, which has consistently undergirded this Court's opinions on this issue for over sixty years, is no longer viable. While the principle of *stare decisis* demands that our prior cases not be overruled in an arbitrary or cavalier manner, that principle does not demand adherence to decisions that have become obsolete because of changes in the law or other legitimate considerations. *Dupuis v. Hand,* 814 S.W.2d 340, 345 (Tenn.1991); *Hanover v. Ruch,* 809

6. Unincorporated associations and nonresident partnerships are also required to appoint an agent in Tennessee to receive service of process before they will be permitted to do business in this state. T.C.A. § 20–2–202.

7. The intent of the legislature in passing § 20–4–101(c) is clearly manifested in the statements of Representative Burnett. Representative Burnett stated that it was possible, via the state long-arm statute, to sue an out-of-state defendant, but that

within the state boundaries, a plaintiff was required to go to the county of the defendant's residence or to catch the defendant within the boundaries of the forum county. Representative Burnett concluded that it was "a peculiar situation in our law that a man can reach someone in another state but can't step across the county line." Tennessee General Assembly, 87th G.A., 1st session; D. Andrew Byrne and Ted C. Raynor, *supra,* at note 63.

S.W.2d 893, 898 (Tenn.1991); *Davis v. Davis,* 657 S.W.2d 753, 758 (Tenn.1983); *Metropolitan Government of Nashville and Davidson County v. Poe,* 215 Tenn. 53, 80, 383 S.W.2d 265, 277 (Tenn.1964). Therefore, we now hold that venue in worker's compensation actions is to be determined solely by the workers' compensation venue statute—§ 50–6–225(c)(1)—and any other authority indicating otherwise is hereby expressly overruled.

 Because Five Star has its principal place of business in Davidson County, it is a corporate resident of Davidson County. *Garland v. Seaboard Coastline R. Co.,* 658 S.W.2d 528 (Tenn.1983). Thus, venue is proper in Davidson County under § 50–6–225(c)(1). The order of the trial court is hereby reversed, and the case is remanded for further proceedings. Costs are taxed to the Defendant–Appellee.

REID, C.J., and O'BRIEN, DAUGHTREY and ANDERSON, JJ., concur.