IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT NASHVILLE
Assigned on Briefs, December 18, 2001

## GEORGE THURMAN HAYNIE, JR. v. STATE OF TENNESSEE

**Direct Appeal from the Circuit Court for Williamson County**
**No. 200-59    Timothy L. Easter, Judge**

_____

**No. M2001-01522-CCA-R3-PC - Filed March 26, 2001**

_____

Petitioner, George Thurman Haynie, Jr., filed a petition for post-conviction relief attacking a felony conviction for passing a worthless check and a misdemeanor conviction for passing a worthless check. The Circuit Court of Williamson County dismissed the petition and Petitioner now appeals. After a thorough review of the record, the *pro se* brief filed by the Appellant, the brief filed by the State, and the applicable law, we affirm the judgment of the trial court.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Circuit Court Affirmed.**

THOMAS T. WOODALL, J., delivered the opinion of the court, in which ROBERT W. WEDEMEYER, J., joined. JOSEPH M. TIPTON, J., concurs in results only.

George Thurman Haynie, Jr., Nashville, Tennessee, *pro se* (on appeal); and J. Todd Faulkner, Nashville, Tennessee (at trial).

Paul G. Summers, Attorney General and Reporter; Gill Robert Geldreich, Assistant Attorney General; Ronald L. Davis, District Attorney General; and Derek K. Smith, Assistant District Attorney General, for the appellee, State of Tennessee.

## OPINION

### Background Information

Pursuant to a negotiated plea agreement, Petitioner pled guilty as charged to one count of Class D felony passing of a worthless check, and one count of Class A misdemeanor passing of a worthless check. The plea agreement with the State was only that Petitioner would be sentenced as a "persistent" rather than a "career" offender on the felony charge (even though he clearly qualified to be sentenced as a "career" offender), and that the sentences for these two offenses would be served concurrently with each other. The length of each sentence, the manner of service, and whether or not the effective sentence from these two counts would be served consecutive to, or concurrent with

other unserved sentences, would be left to the trial court's determination. Even though Petitioner filed a notice of appeal upon the sentence imposed by the trial court, he later voluntarily dismissed the appeal, and shortly thereafter filed his petition for post-conviction relief. Regarding other pertinent facts of the underlying prosecution, we adopt, (with some editing), the procedural background set forth by the post-conviction trial court in its memorandum of law and order dismissing the petition for post-conviction relief, as follows:

On August 14, 1998, an agent for Harpeth Ford signed an Affidavit of Complaint on an arrest warrant alleging that the Petitioner had passed two bad checks at Harpeth Ford on July 27 and July 28, 1998. The Affidavit of Complaint alleged that the amount of the checks was $2,286.99 and $319.62. The originals of these checks were attached to the affidavit and are included in the Court's file. (The check in the amount of $2,286.99 is check #0748, drawn on an account at First American National Bank, dated July 28, 1998, and payable to Harpeth Ford. The check in the amount of $319.62 is check #1275, drawn on an account in the name of George T. Haynie, d/b/a/ HAYN-CO HOME IMPROVEMENTS. This check is to the order of "Harpeth" and lists George T. Haynie as the payor.) Both checks were returned as "account closed."

On September 23, 1998, with the assistance of the Public Defender's Office for the Twenty-First Judicial District, the Petitioner waived preliminary hearing and the case was bound over to the Williamson County Grand Jury. On October 12, 1999, the Petitioner was indicted by the Williamson County Grand Jury for one count of worthless check in an amount over $1,000 (Class D Felony) and a second count of misdemeanor bad check (Class A Misdemeanor). On November 6, 1998, the Petitioner was appointed the Public Defender's Office for the Twenty-First Judicial District to represent him in the Circuit Court of Williamson County.

After several review dates were set and the discovery process completed, the Petitioner's case was set for trial on May 12, 1999.

On May 12, 1999, the Petitioner waived his right to a jury trial and entered pleas of guilty to both counts of the indictment. The negotiated plea agreement indicated that the Petitioner would plead guilty to passing a worthless check over $1,000 and be sentenced as a Range 3 persistent offender, and the Petitioner would enter a plea of guilty to the offense of passing a worthless check under $500 (misdemeanor), with both sentences running concurrently one with the other. All additional sentencing issues were left to be determined by the Court at a subsequent hearing.

A full sentencing hearing was held on June 25, 1999, the Honorable Henry Denmark Bell presiding. After the sentencing hearing, Judge Bell sentenced the Petitioner to nine (9) years with the Tennessee Department of Correction as a Range

3 persistent offender in Count 1 and 6 months in Count 2. Pursuant to the negotiated plea agreement, the sentences were ordered to be served concurrently one with the other. Additionally, Judge Bell ordered that the two sentences run consecutive to the Petitioner's sentence in Davidson County.

The Petitioner was represented throughout the pendency of this matter in the Circuit Court of Williamson County by John P. Cauley, who at that time was an Assistant Public Defender.

## Post-Conviction Hearing

At the post-conviction hearing, the evidence consisted of the testimony of Petitioner; the testimony of Dan Hyland, an employee of Harpeth Ford; the testimony of John Cauley, Petitioner's trial counsel; and the stipulated testimony of certain other witnesses.

Petitioner asserted during his testimony that his trial counsel, John Cauley, rendered ineffective assistance of counsel. First, Petitioner claimed that his counsel failed to take steps to withdraw Petitioner's guilty plea due to the fact that the assistant district attorney had reneged on a negotiated plea agreement. Petitioner asserted that the prosecutor had agreed to recommend probation and repayment of restitution by Petitioner if he pled guilty to both charges. Petitioner stated that after he pled guilty, his trial counsel informed him that the prosecutor had reneged on the agreement because the victim did not believe that Petitioner would be able to pay restitution. According to Petitioner, counsel claimed that "my hands are tied" and that the time period for withdrawing a guilty plea had expired. However, Petitioner acknowledged during cross-examination that he signed the plea agreement and stated in open court during the guilty plea hearing that his actions were voluntary and not the result of force, threats, or promises other than what was reflected in open court.

Petitioner also complained that his trial counsel did not subpoena character witnesses who Petitioner had requested him to subpoena for the sentencing hearing. Specifically, Petitioner asserted that his trial counsel should have subpoenaed Wanda Jones, Disney Allen, and Victor Moore to appear and testify at the sentencing hearing.

Petitioner also asserted that his trial counsel was ineffective because he did not investigate the case properly to show that the trial court lacked subject matter jurisdiction to impose judgments of guilt against Petitioner. The crux of this argument by Petitioner is that the case was a civil matter, and not a criminal case. Petitioner supported this argument by the assertion that when he returned the "engine core" to Harpeth Ford, after the checks had been returned by the bank because the accounts were closed, and Harpeth Ford accepted the engine core, that the matter became a relationship of "debtor-creditor" rather than a criminal matter. Finally, Petitioner admitted during his testimony that he had been convicted of numerous criminal charges in the past, including forgery, grand larceny, passing worthless checks, theft, assault, and robbery. He also admitted that his

probation and parole had previously been revoked on at least two (2) occasions because he had committed additional criminal offenses while under these forms of release in the community.

The parties stipulated the testimony of Assistant District Attorney General Derek Smith, the prosecutor who represented the State in both the original prosecution, and during the post-conviction proceedings. The stipulation of testimony was that General Smith did not recall agreeing to recommend minimum sentencing; he was positive that he did not recommend probation. The stipulated testimony of General Smith also included the fact that he did not renege on any plea agreement with Petitioner, and that if he had done so, he would have remembered.

Dan Hyland, an employee of Harpeth Ford, testified that he dealt with Petitioner in the transactions which resulted in two (2) worthless checks being passed by Petitioner. The check which led to the felony charge, included an amount of $500.00 of the total amount of $2,286.99, for a "core charge." Mr. Hyland explained that the manufacturers of rebuilt engines require that an engine core which is being replaced be turned in at the time of purchase of a rebuilt engine, or in substitution thereof, $500.00 be paid by the purchaser of the newly rebuilt engine. If the "engine core" is not available at the time of the initial purchase, but is later brought to Harpeth Ford, the purchaser is entitled to a refund of $500.00. He acknowledged that after the checks had been returned by the bank, Petitioner brought an engine core to Harpeth Ford, which was accepted and kept by him. Petitioner was not given a check for $500.00, because the original checks to pay for the newly rebuilt engine and other parts had not been paid due to the accounts being closed. Petitioner had received the newly rebuilt engine and other parts in exchange for him issuing the two checks which "bounced."

Petitioner's trial counsel, John Cauley, testified that he was appointed to represent Petitioner in the circuit court level, in his capacity as an Assistant District Public Defender. He did not recall the State ever offering to recommend minimum sentencing, or probation, in exchange for Petitioner's guilty pleas. He also did not recall Petitioner ever requesting that he be allowed to withdraw the guilty pleas. Counsel acknowledged that although Petitioner provided him with a potential list of character witnesses for the sentencing hearing, he did not subpoena the witnesses because most of them were reluctant to testify. He explained that some of the witnesses claimed that Petitioner had "harmed" them or the witnesses knew people whom Petitioner had "harmed." One witness told counsel that "I like [Petitioner], but you don't want me to testify." Counsel stated that he did not think it was wise to subpoena the witnesses who were reluctant to testify, or otherwise expressed an intention to not testify favorably. He also stated that he did not subpoena Petitioner's close family because he had asked them to come and expected them to appear at the sentencing hearing.

Counsel testified that he adequately investigated the Petitioner's case. Importantly, counsel stated that until a short period of time prior to the scheduled trial, Petitioner had maintained that the checks had been stolen from him and passed by someone else. Just before trial, Petitioner admitted that he had passed the checks to Harpeth Ford. Counsel further testified that in his opinion, the fact that Petitioner returned the engine core and received $500.00 credit was not relevant to the criminal case. He felt that Petitioner would still be criminally liable for passing the worthless checks.

-4-

## ANALYSIS

In order to obtain post-conviction relief, a petitioner must allege that his conviction or sentence is void or voidable because of an abridgement of a constitutional right. Tenn. Code Ann. § 40-30-203 (1997). If granted an evidentiary hearing, Petitioner has the burden of proving his allegations by clear and convincing evidence. Id. § 40-30-210(f). Findings of fact and conclusions of law made by the post-conviction court are afforded the weight of a jury verdict. See Tidwell v. State, 922 S.W.2d 497, 500 (Tenn. 1996). Thus, this Court is bound by those findings unless the evidence contained in the record preponderates otherwise. See State v. Burns, 6 S.W.3d 453, 461 (Tenn. 1999). This court's application of the facts, however, is de novo without any presumption of correctness. See id.

Our examination of the post-conviction court's decision is constrained by three fundamental rules of appellate review. First, this Court cannot reweigh or reevaluate the evidence, nor may this Court substitute its inferences for those drawn by the trial judge. See Black v. State, 794 S.W.2d 752, 755 (Tenn. Crim. App. 1990). Second, any questions regarding the credibility of the witnesses, the weight and value to be given to their testimony, and the factual issues raised by the evidence are to be resolved by the trial judge. See id. Third, Petitioner bears the burden of proof, and must show why the evidence in the record preponderates against the judgment entered by the post-conviction court. See id.

The above standards are slightly modified when the claim for relief is ineffective assistance of counsel. In Burns, our Supreme Court held that a claim of ineffective assistance of counsel raised on direct appeal raises mixed questions of law and fact, and thus is subject to a de novo review. 6 S.W.3d at 461. The de novo review of a trial court's factual findings by an appellate court are entitled to a presumption of correctness, which is overcome only when the preponderance of the evidence is contrary to the trial court's findings of fact. See Fields v. State, 40 S.W.3d 450, 458 (Tenn. 2001). A defendant alleging ineffective assistance of counsel must prove the allegations of fact underlying his claim by clear and convincing evidence. See Tenn. Code Ann. § 40-30-210(f); Fields, 40 S.W.3d at 458. This standard of proof is required regardless of whether a petitioner is bringing the claim in a direct appeal or a post-conviction petition. See Burns, 6 S.W.3d at 461 n.5.

We will now address each of the nine (9) issues raised by Petitioner in this appeal.

**Issue #1: Whether the court erred by finding that the trial court had subject matter jurisdiction to adjudicate the case.**

The crux of Petitioner's argument is that this case became a civil case when Harpeth Ford accepted the engine core from Petitioner after the two checks had been returned from the bank marked "account closed." Therefore, according to Petitioner, the Williamson County Circuit Court did not have subject matter jurisdiction to enter a judgment against Petitioner in the two criminal counts. We disagree. In support of his argument, Petitioner relies upon Jones v. State, 197 Tenn. 667, 277 S.W.2d 371 (1955). His reliance is misplaced. In Jones, the defendant was convicted of

two counts of passing worthless checks. The proof showed that between the time that the defendant passed the first check and the occasion of passing the second check, the first check was returned to the victim by the bank because of insufficient funds. Since the victim was put on notice that there were not sufficient funds for the first check, there was a lack of proof of fraudulent intent by the defendant when the victim accepted the second check. The supreme court concluded, therefore, under the standard of review then applicable, that the preponderance of the evidence was in favor of the defendant, and the conviction for passing the second worthless check had to be reversed. In Petitioner's case, there was no notice to the victim, Harpeth Ford, that the accounts were closed at the time either check was passed by Petitioner to the victim.

Petitioner also relies upon the case of Dishmon v. Shelby State Community College, 15 S.W.3d 477 (Tenn. Ct. App. 1999), in support of his argument that the Circuit Court of Williamson County did not have subject matter jurisdiction to enter judgment against him in the criminal case. Again, Petitioner's reliance is misplaced. In Dishmon, the court of appeals held as follows:

> The concept of subject matter jurisdiction involves a court's power to adjudicate a particular type of controversy. *See Meighan v. U.S. Sprint Communications Co.*, 924 S.W.2d 632, 639 (Tenn. 1996); *Turpin v. Conner Bros. Excavating Co.*,761 S.W.2d 296, 297 (Tenn. 1988). Courts derive their subject matter jurisdiction from the Constitution of Tennessee or from legislative act, *see Kane v. Kane*, 547 S.W.2d 559, 560 (Tenn. 1977); *Brown v. Brown*, 198 Tenn. 600, 618-19, 281 S.W.2d 492, 501 (1955), and cannot exercise jurisdictional powers that have not been conferred directly on them expressly or by necessary implication. *See Hicks v. Hicks*, No. 01A01-9309-CH-00417, 1994 WL 108896, at *2 (Tenn. Ct. App. Mar. 30, 1994) (No Tenn. R. App. P. 11 application filed).

Id. at 480.

Tennessee Code Annotated section 16-10-102 explicitly provides that the circuit court has exclusive original jurisdiction of all crimes and misdemeanors, either at common law or by statute. See State v. Booher, 978 S.W.2d 953, 597 (Tenn. Crim. App. 1997).

Petitioner's entire argument on this issue essentially asserts that, in his opinion, the State did not have sufficient evidence to prove that he committed the criminal acts of passing two worthless checks. Attacks upon the sufficiency of the evidence are not available to obtain post-conviction relief. See Cole v. State, 798 S.W.2d 261, 264 (Tenn. Crim. App. 1990).

Clearly, the Circuit Court of Williamson County had subject matter jurisdiction to resolve a criminal case wherein the grand jury of Williamson County had charged Petitioner with two counts of violation of the bad check law. The fact that Petitioner considered the matters to be civil, rather than criminal, did not remove the subject matter jurisdiction of the Williamson County Circuit Court. Petitioner is not entitled to relief on this issue.

**Issue #2: Whether the Circuit Court erred by not finding that the victim's agent, Suzanne Grambling, who filed the affidavit of complaint in support of the arrest warrant on August 14, 1998, filed a false complaint, procuring a malicious prosecution against Petitioner.**

First, we note that even if it could be proven that an alleged victim of a crime intended to initiate a malicious prosecution, that, in itself, would not be grounds for granting post-conviction relief. Second, a conviction in an underlying criminal prosecution is a complete defense and a bar to a malicious prosecution suit. See Sherrod v. Piedmont Aviation, Inc., 516 F. Supp. 39, 42 (1978); Sadek v. Nashville Recycling Co., 751 S.W.2d 428 (Tenn. Ct. App. 1988). Third, Petitioner was indicted by the Williamson County grand jury and any defect in an arrest warrant is cured by the return of an indictment. See State v. Campbell, 641 S.W.2d 890, 893 (Tenn. 1982). Finally, Petitioner did not present evidence in support of this issue at the post-conviction hearing. Thus, Petitioner failed to carry the burden of proving this allegation of fact by clear and convincing evidence. See Tenn. Code Ann. § 40-30-210(f) (1997). Furthermore, issues not raised in the trial court cannot be raised for the first time on appeal. See Simpson v. Frontier Community Credit Union, 810 S.W.2d 147, 153 (Tenn. 1991). Petitioner is not entitled to relief on this issue.

**Issue #3: Whether the court erred by not dismissing the conviction and sentence in case #I-1098-329, [the convictions being attacked on post-conviction] at the PCR evidentiary hearing on April 27, 2001, finding that Petitioner's constitutional right prohibiting imprisonment for civil debt, has been violated under Article I, Section 18 of the Constitution of Tennessee.**

**Issue #4: Whether [the presiding judge at the post-conviction hearing] violated the Judicial Code of Conduct when he denied Petitioner's request for relief, after receiving first-hand testimony from Dan Hyland affirming that Harpeth received and accepted a partial payment from Petitioner against the worthless check, before criminal complaint was filed.**

Petitioner did not include any separate argument under "Issue #3" in his brief, but instead argued "Issue #3" with "Issue #4." Regarding "Issue #3," there is a total lack of evidence in the record to support Petitioner's assertion that he was imprisoned for a civil debt, in violation of Article I, Section 18 of the Constitution of Tennessee. Furthermore, Petitioner's implication that he would be entitled to post-conviction relief as a result of an alleged violation of the Code of Judicial Conduct by the trial judge at the post-conviction hearing is without merit. Accordingly, Petitioner is not entitled to relief on either "Issue #3" or "Issue #4."

**Issue #5: Whether [the post-conviction hearing judge] erred by not responding to Petitioner's objections or imposing sanctions against the State because of the State's untimely response to Petitioner's post-conviction petition pursuant to Supreme Court Rule 28, Section (5), (I).**

Petitioner did not present evidence at the post-conviction hearing concerning this issue, and thus failed to prove this allegation of fact by clear and convincing evidence. See Tenn. Code Ann.

40-30-210(f). Furthermore, issues not raised in the trial court can not be raised for the first time on appeal. See Simpson, 810 S.W.2d at 153.

**Issue #6: Whether [the post-conviction trial court] violated Petitioner's rights created under Rule 28 Section 8(B) of the Rules of the Supreme Court when the post-conviction court failed to conduct the evidentiary hearing within the four-month time limit of the order scheduling the hearing, and further extending the hearing date, by continuances, more than sixty days beyond the original hearing date of September 22, 2000.**

Upon our review of the record, and the circumstances under which the continuances were granted, we conclude that there was no prejudice whatsoever to Petitioner as a result of any continuances.

Assuming that the post-conviction court did not comply with the time limits set forth in Tennessee Rule of the Supreme Court 28, Section 8, this would not entitle Petitioner to be granted post-conviction relief. Generally, statutory provisions requiring that an act be done within a specified period of time are directory, rather than mandatory. See State v. Jones, 729 S.W.2d 683, 685 (Tenn. Crim. App. 1986). In the post-conviction setting, there is no indication at all that the legislature, or the Tennessee Supreme Court, intended for a petitioner to be granted post-conviction relief simply because of non-compliance of performing an act within a certain time limit. See Warren v. State, No. 03C01-9610-CR-00407 (Tenn. Crim. App., Knoxville, Jan. 23, 1998), perm. to app. denied (Tenn. Nov. 2, 1998). Accordingly, Petitioner is not entitled to relief on this issue.

**Issue #7: Whether the post-conviction court and the assistant district attorney general representing the State in the post-conviction hearing violated Tennessee Supreme Court Rule 28, Section 7, Tennessee Code Annotated section 40-30-209, and Tennessee Rule of Criminal Procedure 16 when there was a failure to comply with Petitioner's motion for discovery and production of documents.**

There was no assertion of this issue at the post-conviction hearing. Thus, the issue was not raised at the post-conviction hearing. Again, issues not raised in the trial court cannot be raised for the first time on appeal. See Simpson, 810 S.W.2d at 153. Accordingly, Petitioner is not entitled to relief on this issue.

**Issue #8: Whether the assistant district attorney general violated the Petitioner's constitutional right to due process and violated the Code of Professional Responsibility by not notifying the court of the State's receipt of exculpatory evidence.**

Again, this issue was not presented in the trial court and can not be raised for the first time on appeal. See Simpson, 810 S.W.2d at 153. Accordingly, Petitioner is not entitled to relief on this issue.

**Issue #9: Whether the trial court erred by not finding that Petitioner was denied his constitutional right to effective assistance of counsel.**

In this issue, Petitioner lists in his brief, fourteen reasons that support his assertion that he received ineffective assistance of counsel. They are as follows:

(1) Counsel did not investigate the facts and the law that were in existence when the action was filed.

(2) Counsel failed to interview any of the witnesses who the State had subpoenaed to testify against Petitioner.

(3) Counsel failed to do any legal research of the facts that were available.

(4) Counsel failed to conduct an independent investigation.

(5) Counsel failed to confer with Petitioner about any of the facts of the case, prior to the scheduled date for the jury trial, even though he had been appointed to represent Petitioner approximately five months prior thereto.

(6) Counsel failed to interview Petitioner's business partner, who happened to be Petitioner's father, or subpoena him to testify at the penalty phase of the hearing.

(7) Counsel failed to issue subpoenas for the witnesses whose names were given to him by Petitioner, who would have provided evidence relevant to the request for alternative sentencing.

(8) Counsel made a recommendation to Petitioner to enter guilty pleas without first performing an investigation of the facts or researching the law in preparation of a valid defense for the Petitioner.

(9) Counsel failed to notify the court of Petitioner's request, prior to the sentencing hearing, to withdraw the guilty pleas.

(10) Counsel did not discuss any potential strategies or tactical decisions with Petitioner.

(11) Counsel did not file any pre-trial motions for orders requiring handwriting exemplars and for a line-up, as requested by Petitioner.

(12) Counsel failed to notify the trial court of the district attorney's withdrawal of an offer to recommend probation and restitution in return for guilty pleas.

(13) Counsel failed to conduct any interviews with Petitioner's family, past employers, church members, friends, or any others in preparation for the sentencing hearing.

(14) Counsel failed to investigate to uncover mitigating evidence to be presented by Petitioner in support of a request for alternative sentencing.

Petitioner specifically asserts in his argument, that his counsel was ineffective because he did not present proof to show that the trial court did not have subject matter jurisdiction. We have determined that the trial court did have subject matter jurisdiction, and therefore, it cannot be said that trial counsel rendered ineffective assistance of counsel by not addressing this issue.

The post-conviction court filed a detailed findings of fact in its memorandum denying the petition for post-conviction relief. We have carefully reviewed the record regarding all of the allegations made by Petitioner that assert ineffective assistance of counsel. The testimony of trial

counsel, along with other parts of the record, including the sentencing hearing and the guilty plea hearing, contradict the testimony of Petitioner at his post-conviction hearing. The trial court accordingly did not credit the testimony of Petitioner on the issue of ineffective assistance of counsel. Our review of the record compels us to conclude that Petitioner is not entitled to relief on this issue.

## CONCLUSION

Having reviewed the record, we conclude that Petitioner is not entitled to relief on any of the issues presented on appeal, and accordingly, the judgment of the post-conviction court is affirmed.

_____
THOMAS T. WOODALL, JUDGE