IN THE COURT OF APPEALS OF TENNESSEE
AT KNOXVILLE
December 7, 2004 Session

IN RE: Z. M. B.

Appeal from the Juvenile Court for Knox County
No. D-0297     Carey Garrett, Judge

No. E2004-00380-COA-R3-JV FILED JANUARY 11, 2005

This case presents the recurring issue of subject matter jurisdiction of the juvenile courts. The child, nine years old, was born out of wedlock. Paternity was adjudicated in the juvenile court, together with the issues of support and visitation. Years later, father filed a petition in the case alleging a change of circumstances and seeking custody of the child. The juvenile court found a change of circumstances and awarded custody of the child to her father. Mother appeals, insisting that a juvenile court is not vested with jurisdiction to change custody of a child because of a change in the circumstances. The judgment is affirmed.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Juvenile Court Affirmed**

WILLIAM H. INMAN, SR. J., delivered the opinion of the court, in which HERSCHEL P. FRANKS, P. J. and SHARON G. LEE, J., joined.

Douglas J. Toppenberg, Knoxville, Tennessee, for appellant, Elizabeth Anne Berry Browand.

Lori Farris Fleishman and Samuel W. Brown, Knoxville, Tennessee, for appellees, Randall Eugene Bedard and Carey Bedard.

Shannon M. Holland, Knoxville, Tennessee, Guardian Ad Litem.

**OPINION**

The issue before us is whether the Juvenile Court had the requisite subject matter jurisdiction to adjudicate a change of custody of Z.M.B. - a nine-year-old girl, whose parents were never wed to each other - from her mother to her father. Mother insists that the Juvenile Court of Knox County lacked jurisdiction and that its judgment awarding custody of Z.M.B. to her father is invalid, or, in the alternative, that if the Juvenile Court had the requisite jurisdiction pursuant to allegations and proof that Z.M.B. was a neglected and dependent child, the proper appeal from the judgment of the Juvenile Court was to the Circuit Court.

A judgment of paternity was entered October 7, 1996. The appellee was declared to be the natural father of Z.M.B., whose custody was awarded to her mother. Support was ordered for Z.M.B. and the father was awarded visitation privileges.

All was apparently well for four years when the appellant informed the appellee of her intent to relocate, with Z.M.B., to Jackson, Tennessee. This triggered the filing by the appellant of a Petition in Opposition to the Removal of Child. A guardian ad litem was appointed for Z.M.B., but no action of record ensued until July, 2002 when the guardian ad litem filed a Motion for Review alleging grossly improper conduct on the part of the mother which required immediate corrective action. The appellee thereupon filed a petition seeking custody of Z.M.B. and alleging a change of circumstances.

A protracted trial resulted in a judgment awarding custody of Z.M.B. to her father, the appellee. A notice of appeal was filed February 19, 2003 seeking a transfer to the Fourth Circuit Court of Knox County. The Juvenile Court denied a transfer, and on March 10, 2003, appellant filed a petition pursuant to Rule 34 of the Rules of Juvenile Procedure to modify the Order and alleging lack of subject matter jurisdiction. This petition was denied, and the mother appeals.

## Analysis

Juvenile Courts have limited jurisdiction. ***Stambaugh v. Price***, 532 S.W.2d 932 (Tenn. 1976). Subject matter jurisdiction cannot be conferred or enlarged by agreement and its lack may be raised at any stage of the proceeding. *See,* ***Turpine v. Conner Bros. Excavating. Co.***, 761 S.W.2d 296 (Tenn. 1988).

Tennessee Code Annotated § 37-1-103 defines the jurisdiction of the Juvenile Courts in Tennessee. It provides:

(a) The juvenile court has exclusive original jurisdiction of the following proceedings, which are governed by this part:
(1) Proceedings in which a child is alleged to be delinquent, unruly or dependent and neglected, or to have committed a juvenile traffic offense as defined in § 37-1-146;
(2) All cases to establish paternity of children born out of lawful wedlock; to provide for the support and education of such children, and to enforce its order;
(3) Proceedings arising under §§ 37-1-141 - 37-1-144;
(4) Proceedings arising under § 37-1-137 for the purposes of termination of a home placement;
(5) Prosecutions under § 37-1-412 or § 39-15-401 unless the case is bound over to the grand jury by the juvenile court or the defendant is originally charged with a greater offense of which violation of § 37-1-412 or § 39-15-401 is a lesser included offense.
(6) Proceedings arising under § 49-5-5209(e); and

(7) Proceedings in which a parent or legal guardian is alleged to have violated parental responsibilities pursuant to § 37-1-174.

(b) The juvenile court also has exclusive original jurisdiction of the following proceedings, which are governed by the laws relating thereto without regard to the other provisions of this part;

(1) Proceedings to obtain judicial consent to employment, or enlistment in the armed services of a child, if consent is required by law;

(2) Proceedings under the Interstate Juvenile Compact, compiled as chapter 4, part 1 of this title; and

(3) Proceedings under the Interstate Compact on the Placement of Children, compiled as chapter 4, part 2 of this title.

(c) When jurisdiction has been acquired under the provisions of this part, such jurisdiction shall continue until the case has been dismissed, or until the custody determination is transferred to another juvenile, circuit, chancery or general sessions court exercising domestic relations jurisdiction, or until a petition for adoption is filed regarding the child in question as set out in § 36-1-116(f). However, the juvenile court shall retain jurisdiction to the extent needed to complete any reviews or permanency hearings for children in foster care as may be mandated by federal or state law. This provision does not establish concurrent jurisdiction for any other court to hear juvenile cases, but merely permits courts exercising domestic relations jurisdiction to make custody determinations in accordance with this part. Notwithstanding any other law to the contrary, transfers under this provision shall be at the sole discretion of the juvenile court and in accordance with § 37-1-102. In all other cases, jurisdiction shall continue until a person reaches the age of eighteen (18), except that the court may extend jurisdiction for the limited purposes set out in § 37-1-102(b)(4)(B) until the person reaches the age of nineteen (19).

(d) The court is authorized to require any parent or legal guardian of a child within the jurisdiction of the court to participate in any counseling or treatment program the court may deem appropriate and in the best interest of the child.

The succeeding statute, Tenn. Code Ann. § 37-1-104, provides for the exercise of jurisdiction concurrent with another court, as follows:

(a) The juvenile court has concurrent jurisdiction with the probate court of proceedings to:

(1) Treat or commit a developmentally disabled or mentally ill child;

(2) Determine the custody or appoint a guardian of the person of a child; and

(3) Give judicial consent to the marriage of a child if consent is required by law.

(b) The juvenile court has concurrent jurisdiction with the general sessions court for the offense of contributing to the delinquency or unruly conduct of a minor as defined in § 37-1-156.

(c) The juvenile, circuit and chancery courts have concurrent jurisdiction to terminate parental or guardian rights pursuant to the provisions of title 36, chapter 1, part 1.

(d)(1)(A) The juvenile court has concurrent jurisdiction and statewide jurisdiction with other courts having the jurisdiction to order support for minor children and shall have statewide jurisdiction over the parties involved in the case.

(B) In intrastate cases, jurisdiction to modify, alter or enforce orders or decrees for the support of children shall be determined in accordance with the provisions of title 36, chapter 5, parts 30 and 31.

(C) In any political subdivision or judicial district of the state in which a court by contract is the agency designated to provide child support enforcement pursuant to Title IV-D of the Social Security Act, and if a judge with child support jurisdiction in that political subdivision or judicial district agrees, the contracting court shall have jurisdiction in any case in such judge's court in which an application is made for assistance in obtaining support under provisions of this part. Upon application being made for child support enforcement assistance as provided by law, the contracting court shall assume jurisdiction and it is the duty of the court clerk to so notify the clerk of any court having prior jurisdiction. The contracting court shall then proceed to make and enforce such orders of support as it deems proper within its jurisdiction pursuant to the agreement. The contracting court shall not have jurisdiction in any case in which an absent parent is in full compliance with a support order of another court.

(2) In any case in which the court has exclusive or concurrent jurisdiction to order the payment of child support, the court may issue a child support order when requested by a party. All provisions of title 36, chapter 5 and relate to child support or child support orders that include an order of spousal support and § 50-2-105 apply to support orders issued in these proceedings.

(e) The juvenile court has concurrent jurisdiction with circuit and chancery court of proceedings arising from 1980 Hague Convention on the Civil Aspects of International Child Abduction.

The appellant argues that the filing by the father of a petition opposing the mother's intent to relocate was the commencement of this litigation, and that the petition was filed pursuant to Parental Relocation Act, Tenn. Code Ann. § 36-5-108, which does not grant juvenile courts jurisdiction to hear such disputes. This argument has no relevancy because the filing by the father of a petition for a change in the custody of Z.M.B. is the predicative pleading and the findings and judgment were concerned with the best interests and welfare of Z.M.B.. These findings are markedly specific and need not be reproduced here; they are not contested on appeal. The juvenile court merely entertained a petition to change the custody of Z.M.B. from her mother to her father based upon best interest's considerations, much the *same as the initial award* of custody to the mother. If this change of custody action was beyond the reach of the juvenile court, so was the initial award. The parties were the same and no additional issue was adjudicated.

The appellant essentially argues that the juvenile court lacked jurisdiction because no statute expressly provides that a juvenile court may entertain a petition for change of custody. The unreported cases relied upon are inapposite: one involved the issue of grandparental visitation, while

the other involved post-divorce proceedings.[1]  The appellee directs our attention to several unreported decisions wherein juvenile courts in Tennessee, exercising original jurisdiction to establish paternity of a child born out of wedlock, have adjudicated custody of the child and later determined issues pertaining to continued custody.  *Searle v. Pfister*, 200 WL1867841 (Tenn. Ct. App. 2000); *Crowell v. Brown*, 2000 WL337506 (Tenn. Ct. App. 2000); *In re Parlow*, 2001 WL687226 (Tenn. Ct. App. 2001).  We agree with the trial judge that Tenn. Code Ann. § 37-1-103(c) ["when jurisdiction has been acquired . . . such jurisdiction shall continue until the case has been dismissed, or until the custody determination is transferred . . ."] controls the disposition of this case.

Finally, we hold again that except for cases involving a delinquent, unruly, or dependent and neglected child, an appeal from the final judgment of a juvenile court is to this court, not the circuit court.  Tenn. Code Ann. § 37-1-159: *see,* *Searle, Crowell, Parlow, supra.*

The judgment is affirmed with costs assessed to the appellant.

_____
WILLIAM H. INMAN, SENIOR JUDGE

---

[1] In *Baltz v. Knight*, No. 01A01-9606-JV-00263, (Tenn. Ct. App. 1998) the parties were married in Arkansas in 1972, and divorced there in 1989.  Ms. Knight was awarded custody of two children.  She and the children moved to Tennessee in 1990, and Mr. Batlz moved to Georgia.  In 1995, Mr. Baltz filed a petition in the Maury County, Tennessee Juvenile Court, seeking custody owing to a change of circumstances.  We held that in light of the limited jurisdiction of juvenile courts "none of these statutes explicitly give juvenile courts concurrent jurisdiction to modify custody orders entered in the context of divorce proceedings": *Blatz* is clearly inapplicable.